LYNNE C. HERMLE (STATE BAR NO. 99779)
JESSICA PERRY (STATE BAR NO. 209321)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Defendant
THE GAP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIENNA HOWARD, individually and on behalf of all similarly situated individuals,<br><br>                    Plaintiff<br><br>     v.<br><br>GAP, INC.,<br><br>                    Defendant. | Case No.  C 06 6773 WHA<br><br>**DEFENDANT GAP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PURSUANT TO FED. R. CIV. P. 12(b)(6), 12(f), AND 23(d)(4)**<br><br>Date:         January 4, 2007<br>Time:        8:00 a.m.<br>Courtroom: 9<br>Judge:       The Hon. William Alsup |

OHS West:260133634.1

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF               C 06 6773 WHA

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 2 |
| II. | STATEMENT OF FACTS RELEVANT TO THIS MOTION | | 3 |
| III. | ARGUMENT | | 4 |
| | A. | Plaintiff's Allegations Regarding Banana Republic, Old Navy, Forth & Towne, and Gap Stores Outside Of The State Of New York, Should Be Stricken | 5 |
| | | 1. Plaintiffs' Allegations Regarding Stores Other than Gap Stores in New York are Immaterial | 5 |
| | | 2. Plaintiff Cannot Amend to Allege Even Broader Claims | 6 |
| | B. | The Proposed Class Definition Is Imprecise, Vague, And Not Ascertainable | 7 |
| | C. | Plaintiff Cannot Sustain A Claim Under the "Kick-Back" Provision Of The Labor Law | 10 |
| | D. | An Employee's Purchase Of Clothing From Her Employer Does Not Constitute An Unlawful Deduction From Wages Within The Meaning Of Section 193 | 11 |
| | E. | Plaintiff's Claim For Unjust Enrichment Must Be Dismissed | 12 |
| | F. | Plaintiff Is Not Entitled To A Jury Trial On Any Of Her Claims | 13 |
| IV. | CONCLUSION | | 15 |

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*Adams* v. *Johnson*
   355 F.3d 1179 (9th Cir. 2004) ............................................................................................ 4

*Amchem Products* v. *Windsor*
   521 U.S. 591, 117 S. Ct. 2231 (1997) ................................................................................ 6

*Burian* v. *Kurtz*
   No. 85 Civ. 9223 (KTD), 1990 U.S. Dist. LEXIS 6411 (S.D.N.Y. 1990) .................... 9, 13

*Design Strategy, Inc.* v. *Davis*
   No. 05-4909-CV, 2006 U.S. App. LEXIS 25889 (2d Cir. Oct. 16, 2006) ....................... 14

*Eisen* v. *Carlisle & Jacquelin*
   417 U.S. 156, 94 S. Ct. 2140 (1974) .................................................................................. 8

*General Telephone Co. of the Southwest* v. *Falcon*
   457 U.S. 147, 102 S. Ct. 2364 (1982) ................................................................................ 6

*Guillory* v. *The American Tobacco Co.*
   97 C 8641, 2001 U.S. Dist. LEXIS 3353 (N.D. Ill. Mar. 19, 2001) ................................... 8

*Hagen* v. *City of Winnemucca*
   108 F.R.D. 61 (D. Nev. 1985) ............................................................................................ 8

*Indyk* v. *Habib Bank, Ltd.*
   694 F.2d 54 (2d Cir. 1982) ............................................................................................... 14

*Kamm* v. *Sugasawara*
   509 F.2d 205 (9th Cir. 1975) .............................................................................................. 5

*Kaye* v. *Grossman*
   202 F.3d 611 (2d Cir. 2000) ............................................................................................. 13

*Livid Holdings Ltd.* v. *Salomon Smith Barney, Inc.*
   416 F.3d 940 (9th Cir. 2005) .............................................................................................. 4

*Majer* v. *Metropolitan Transp. Auth.*
   No. 90 Civ. 4608 (LLS), 1992 U.S. Dist. LEXIS 6239 (S.D.N.Y. May 7, 1992) ............ 14

*Moore* v. *Hughes Helicopters, Inc.*
   708 F.2d 475 (9th Cir 1983) ............................................................................................... 8

*O'Connor* v. *Boeing N.A., Inc.*
   197 F.R.D. 404 (C.D. Cal. 2000) ....................................................................................... 7

*Pachter* v. *Bernard Hodes Group, Inc.*
   No. 03 Civ. 10239 (RPP), 2005 U.S. Dist. LEXIS 18005 (S.D.N.Y. 2005) .................... 12

# TABLE OF AUTHORITIES
(continued)

Page

*Palmer v. Combined Ins. Co. of America*
No. 02 C 1764, 2003 U.S. Dist. LEXIS 2534 (N.D. Ill. Aug. 29, 2003) .................................. 5

*Rappaport v. Katz*
62 F.R.D. 512 (S.D.N.Y. 1974) ..................................................................................... 8

*Schwartz v. Upper Deck Co.*
183 F.R.D. 672 (S.D. Cal. 1999).................................................................................... 8

*Senter v. GM Corp.*
532 F.2d 511 (6th Cir. 1976)......................................................................................... 7

*Sidney-Vinstein v. A.H. Robins Co.*
697 F.2d 880 (9th (1983) .............................................................................................. 4

*Simer v. Rios*
661 F.2d 655 (7th Cir. 1981)..................................................................................... 8, 9

*Simon v. Eastern Kentucky Welfare Rights Org. et. al*
426 U.S. 26, 96 S. Ct. 1917 (1976) ............................................................................... 7

*Simpson v. AOL Time Warner Inc.*
452 F.3d 1040 (9th Cir. 2006)....................................................................................... 4

*In Re Tetracycline*
107 F.R.D. 719 (W.D. Mo. 1985).................................................................................. 7

*Vuyanich v. Public Nat'l Bank of Dallas*
723 F.2d 1195 (5th Cir. 1984)....................................................................................... 7

*Webb v. Robert Lewis Rosen Assocs., Ltd.*
No. 03 Civ. 4275 (HB), 2004 U.S. Dist. LEXIS 12024 (S.D.N.Y. June 29, 2004)................ 13

**STATE CASES**

*Angello v. Labor Ready, Inc.*
No. 149, 2006 N.Y. LEXIS 3519 (N.Y. 2006) ............................................................. 11

*Bradford v. Salvatore*
808 N.Y.S.2d 916 (1st Dep't 2005) .............................................................................. 12

*Groh v. Halloran*
448 N.Y.S.2d 683 (1st Dep't 1982) .............................................................................. 13

*Hudacs v. Frito-Lay, Inc.*
660 N.Y.S.2d 700 (N.Y. 1997) ............................................................................... 11, 12

*Mayer v. Bishop*
551 N.Y.S.2d 673 (1st Dep't 1990) ......................................................................... 13, 14

# TABLE OF AUTHORITIES
### (continued)

**Page**

*McGrath* v. *Hilding*
    41 N.Y.2d 625, 363 N.E.2d 328 (1977) ............................................................................... 9

*Scaduto* v. *Restaurant Assocs. Indus., Inc.*
    579 N.Y.S.2d 381 (1st Dep't 1992) ................................................................................... 14

*Sterlacci* v. *Gurfein*
    794 N.Y.S.2d 362 (1st Dep't 2005) ................................................................................... 13

## FEDERAL STATUTES

Federal Rules of Civil Procedure 23 ............................................................................ 4, 5, 6

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF DIENNA HOWARD AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 4, 2007 at 8:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable William Alsup, Courtroom 9, on the 19th Floor of the above Court, at 450 Golden Gate Avenue, San Francisco, California, defendant Gap, Inc. ("Gap") will and hereby does move for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Plaintiff's complaint with prejudice on the grounds that Plaintiff fails to state a claim upon which relief may be granted.

Please take further notice that Gap will and hereby does move for an Order striking portions of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(4) on the grounds that the allegations are immaterial. This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the pleadings and papers on file in this action, any matters of which the Court may or must take judicial notice, any evidence or argument presented at the hearing on the motion, and any other matters the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Dienna Howard has sued Gap, Inc. in a purported class action. Howard contends that, when she was working at a Gap store several years ago, her store manager told her to purchase Gap clothing to be worn at work. Howard brings claims under New York statutes prohibiting "kick-backs" and unlawful deductions from wages, and contends that Gap was unjustly enriched. Plaintiff's Complaint is defective on its face.

First, Plaintiff includes general allegations about Banana Republic, Old Navy or Forth & Towne. The court should strike the allegations regarding these separate legal entities that are not defendants in this lawsuit. Plaintiff cannot amend to allege claims against these entities because Plaintiff does not (and cannot) allege that she was ever employed by any of them, or that she was subject to any of their policies or procedures. Thus, Plaintiff simply cannot allege that she is an adequate class representative for a class involving these employers, or that she has standing to sue

them.

Second, Plaintiff proposes to certify a class of all employees who were required to purchase clothing to be worn at work. The problem with this class definition is that it requires an assessment of the merits of each individual's claim in order to determine whether that individual is a member of the class, rendering the composition of the class unascertainable at the class certification stage. The class action allegations thus are facially improper and should also be stricken.

Third, Plaintiff fails to plead viable substantive claims under the New York Labor Laws, which do not apply to the purchase of goods at fair market value. Plaintiff's unjust enrichment claim likewise fails because it is well settled that an unjust enrichment claim cannot be predicated on a transaction in which both parties receive value.

Finally, Plaintiff has no right to a jury trial under New York law, and thus her request for a jury trial must be stricken.

## II.   STATEMENT OF FACTS RELEVANT TO THIS MOTION[1]

According to her Complaint, Plaintiff worked for Defendant Gap, Inc. as a sales associate in a Gap store in the McKinley Mall in Buffalo, New York. (Cmplt. at ¶ 12.) Plaintiff does not allege that she was ever an employee of Banana Republic, Old Navy or Forth & Towne, each of which is a distinct Limited Liability Corporation with its own employees. *See* Request for Judicial Notice, Ex. A, filed herewith. Thus, for example, employees at Banana Republic stores are employed by Banana Republic, which is a wholly-owned subsidiary of Gap, Inc., while employees at Gap brand stores, unlike employees at these other stores, are employees of Gap, Inc. *Id.*

Plaintiff does not allege that she worked for Gap in any location other than the McKinley Mall. Nor does she allege how long she worked for Gap (other than she was employed for an unspecified period of time in 2002), that she ever had a conversation with a manager other than her own about the supposed policy that forms the basis for her claims, or that she has any

---

[1] All of the facts set forth herein are taken from Plaintiff's Complaint, Docket No. 1. References to the allegations in the Complaint will be cited as "Cmplt. at ¶ ___." Gap disputes these facts but assumes them to be true for purposes of this motion.

OHS West:260133634.1
- 3 -

knowledge of the policies, procedures and practices at any other Gap location or at any Banana Republic, Old Navy or Forth & Towne store.

Plaintiff alleges that during her initial training at the McKinley Mall Gap store in 2002, she "was informed by her [unnamed] manager that all sales associates must purchase and, while working, wear clothing and accessories" from the Gap store. (*Id*. at ¶ 13.) Plaintiff also claims that she purchased, pursuant to this alleged oral policy, various unspecified articles of clothing "to be worn while working at defendant's store" and that such expenditures were not reimbursed by Gap. (*Id*. at ¶ 14.) Plaintiff does not allege that she was required to buy any particular item of clothing, nor does she allege that she paid more than the fair market value of the clothing she purchased. (Indeed, given Gap's generous employee discounts, it is hard to imagine how she could make any such claim.) Without stating any factual specifics whatsoever to support her contention, Plaintiff further alleges that "[e]ach sales associate is obligated, as a condition of employment, to purchase such clothing and accessories from the defendant and the costs of such purchases are not reimbursed in any way by defendant." (*Id*. at ¶ 11.) Plaintiff does not allege that any deductions were taken from her paychecks to pay for Gap clothing or that she paid kickbacks to Gap. Nor does she allege that she ever was coerced to make purchases from Banana Republic, Old Navy or Forth & Towne (an entity which did not even exist at the time of her employment).

Plaintiff's Complaint asserts three specific claims: (1) that Gap's alleged policy of requiring its employees to purchase Gap clothing to be worn while working resulted in an unlawful "kick-back" in violation of New York Labor Law Section 198-b (Cmplt. at ¶¶ 37-42); (2) that Gap's same alleged policy constitutes an unlawful deduction under New York Labor Law Section 193 (Cmplt. at ¶¶ 29-36); and (3) Gap was unjustly enriched (Cmplt. at ¶¶ 43-47).

### III.   ARGUMENT

Dismissal for failure to state a claim is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure where it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim for relief. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Conclusory allegations of law and unwarranted inferences are

OHS West:260133634.1                                - 4 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    C 06 6773 WHA

insufficient to defeat a defendant's motion to dismiss. *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006) (*citing Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

The court may also strike "immaterial" allegations under the clear language of Rule 12(f); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th (1983) ("[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...."). Class allegations may also be stricken at the pleading stage; Federal Rule 23(d)(4) provides that "the court may make appropriate orders....requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly." *See, e.g., Kamm v. Sugasawara*, 509 F.2d 205, 212 (9th Cir. 1975) (district court properly granted motion to dismiss and strike class allegations under Rule 23(d)(4)); *Palmer v. Combined Ins. Co. of America*, No. 02 C 1764, 2003 U.S. Dist. LEXIS 2534 at *5 (N.D. Ill. Aug. 29, 2003) ("[I]t is sometimes possible to determine from the pleadings alone [the Rule 23] requirements cannot possibly be met, and in such cases, striking class allegations before commencing discovery is appropriate.")

Applying these principles to the this case, Plaintiff is unable to establish critical elements of her class allegations and claims, all of which should be dismissed or stricken.

### A. Plaintiff's Allegations Regarding Banana Republic, Old Navy, Forth & Towne, And Gap Stores Outside Of The State Of New York, Should Be Stricken

#### 1. Plaintiffs' Allegations Regarding Stores Other than Gap Stores in New York are Immaterial

In paragraph 6 of her complaint, Plaintiff alleges that Gap operates more than 2,500 Banana Republic, Old Navy, Forth & Towne, and Gap retail clothing stores nationwide. She further alleges the amount of "net sales" from this combined "retail clothing operation." (*See* Cmplt. at ¶ 7.)

Plaintiff's allegations regarding Banana Republic, Old Navy, Forth & Towne should be stricken as immaterial under Federal Rule of Civil Procedure 12(f). Plaintiff has sued only her former employer, Gap, Inc., which employs Gap brand employees and operates Gap brand stores,

OHS West:260133634.1 - 5 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          C 06 6773 WHA

such as the New York Gap store in which plaintiff worked in 2002. Howard has not brought claims against Banana Republic, Old Navy, and Forth & Towne, each of which is a different employer. Those distinct legal entities are not parties to this case, and the allegations against them should be stricken pursuant to Federal Rule of Civil Procedure 12(f) as immaterial to Howard's claims, so as to avoid any issues regarding the proper scope of discovery in this case.

Similarly, Plaintiff's allegations regarding Gap stores outside of the state of New York (*see* Cmplt. at ¶ 6), and net sales nationwide (*see id.* at ¶ 7), are also irrelevant. Plaintiff seeks to assert a class action on behalf of sales associates "who work or worked at one or more of the defendant's retail clothing stores in New York during the past six years and who had to purchase clothing and accessories sold by defendant as a condition of employment." (*See* Cmplt. at ¶ 18). Allegations regarding Gap stores outside of the state of New York, and the alleged amount of "net sales" nationally, are thus also immaterial and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

### 2. Plaintiff Cannot Amend to Allege Even Broader Claims

Plaintiff should not be given leave to amend her Complaint to assert broader class claims against Banana Republic, Old Navy or Forth & Towne. First, Howard could not serve as a class representative for claims against these other entities. Fed. R. Civ. P. 23 requires that "the representative parties will fairly and adequately protect the interest of the class." "A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Products v. Windsor*, 521 U.S. 591, 625-26, 117 S. Ct. 2231, 2250-51 (1997); *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364 (1982) (vacating class certification because the district court failed "to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)….Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim")).

Plaintiff has no conceivable employment claim against Banana Republic, Old Navy, or Forth & Towne, and thus she cannot represent a class of those who might purport to have such claims. Plaintiff alleges that she was told to purchase Gap clothing in 2002 by "her manager" at

the only Gap store at which she worked, in the McKinley Mall in Buffalo, New York. (Cmplt. at ¶¶ 12-13.) She has not alleged (and cannot allege) that she ever worked for Banana Republic, Old Navy, or Forth & Towne, separate legal entities with different management structures, operations, policies and procedures, and employees. New York Labor Law Sections 193 and 198-b only cover "employees," or persons "employed for hire by an employer in any employment." N.Y. Labor Law Section 190(2) (McKinney 2006). Howard has no potential claims under these statutes against any entity other than her own employer. Similarly, Plaintiff has no potential unjust enrichment claim against Banana Republic, Old Navy, and Forth & Towne with respect to her third cause of action for common law unjust enrichment, because plaintiff has not alleged that she was coerced to purchase clothing from any of these entities. Thus, Plaintiff cannot amend her complaint to allege that she is a proper class representative of employees who worked at these different stores.

Second, Plaintiff would have no standing to assert class claims against Banana Republic, Old Navy, and Forth & Towne because she has sustained no injury as a result of any actions or inactions by these entities. S*ee e.g., Simon v. Eastern Kentucky Welfare Rights Org. et. al*, 426 U.S. 26, 44, 96 S. Ct. 1917 (1976) (ordering dismissal of class action where plaintiffs lacked standing: "unadorned speculation will not suffice to invoke the federal judicial power....Speculative inferences are necessary to connect [plaintiffs'] injury to the challenged actions of petitioners"); *Vuyanich v. Public Nat'l Bank of Dallas*, 723 F.2d 1195, 1200 (5th Cir. 1984) ("Under principles of standing, the named plaintiffs 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent'"). For all of these reasons, allegations regarding these separate employers must be stricken from the Complaint without leave to amend.

### B. The Proposed Class Definition Is Imprecise, Vague, And Not Ascertainable

A class action complaint must set forth facts sufficient to show the requisite ascertainable class. The class definition must be "precise, objective and presently ascertainable." *O'Connor* v.

OHS West:260133634.1        - 7 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    C 06 6773 WHA

*Boeing N.A., Inc.*, 197 F.R.D. 404, 416 (C.D. Cal. 2000)[2] (quoting Manual for Complex Litigation Third § 30.14 at 217 (1995)); *see also In Re Tetracycline,* 107 F.R.D. 719, 728 (W.D. Mo. 1985) (proposed class must not be amorphous, vague or indeterminate).

Plaintiff's proposed class definition flunks this test for two reasons. First, it is impossible to tell whether an individual is a member of the class without fully litigating that individual's claim on the merits. Second, membership in the class ultimately turns on a subjective judgment about the reason why a class member made a particular purchase. Neither is permissible.

The class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the class. *Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985). A proposed class is improper if it would require the court to reach the merits of the case at the class certification stage in order to determine whether a particular individual is a member of the class. *Id.* (class definition improper if it requires court "to pass on the merits of the claim at the class certification stage in order to tell who was included in the class"*); Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 94 S.Ct. 2140, 2152-52 (1974); *Moore v. Hughes Helicopters, Inc*, 708 F.2d 475, 480 (9th Cir 1983).

Here, Plaintiff seeks to represent a class of individuals "who work or worked at one or more of the defendant's retail clothing stores in New York during the past six years and who **had to purchase** clothing and accessories sold by defendant as a condition of employment." (Cmplt. at ¶ 18. (emphasis added)). In order to determine whether any individual was a member of the class, the Court would first have to determine whether that individual "had" to purchase clothing from Gap as a condition of employment. As the Court explained in *Eisen*, this would turn the class action procedure upside down, because it would require the court first to determine the merits of each individual's claims before deciding which individuals are bound by the result of that inquiry.

Plaintiff's proposed class definition also fails because it incorporates an element of coercion, which is unascertainable as a matter of law. Whether any individual was coerced to

---

[2] It is Plaintiff's burden to establish that all the requirements for class action adjudication are met. *Senter* v. *GM Corp.*, 532 F.2d 511, 522 (6th Cir. 1976).

OHS West:260133634.1                                - 8 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                           C 06 6773 WHA

purchase a particular item of clothing, or instead made that purchase for other reasons, requires an inquiry into each putative class member's state of mind, which courts have consistently rejected as a defining class term. *See Simer* v. *Rios*, 661 F.2d 655, 669 (7th Cir. 1981) (holding a class defined in relation to each individual's state of mind is not sufficiently definite); *Schwartz* v. *Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (same). Courts thus consistently reject class definitions that incorporate the putative class members' subjective desires or motivations. *See Guillory* v. *The American Tobacco Co.*, 97 C 8641, 2001 U.S. Dist. LEXIS 3353, at *9-10 (N.D. Ill. Mar. 19, 2001) (proposed class of Illinois smokers who "desire to participate in a program designed to assist them in the cessation of smoking" was not ascertainable because it "improperly relies on the subjective desires of individual class members"); *Rappaport* v. *Katz*, 62 F.R.D. 512, 514-15 (S.D.N.Y. 1974) (proposed class of "all persons who wish and are legally entitled to be married" by the defendant Clerk of the City of New York was not ascertainable because it "would require an inquiry into the state of mind of each particular individual.")

The proposed definition creates similar problems here. It is no secret that retailers, like Gap, offer extensive company discounts which allow employees to purchase company products for themselves, their families, and as gifts. Here, Plaintiff's proposed class of individuals "who **had to** purchase clothing and accessories…**as a condition of employment**" will require highly individualized assessments of the purpose behind each employee purchase – was it a gift for the employee's sister? A shirt the employee wished to purchase for him or herself (at an extensive discount)? Or, instead, a coerced purchase of clothing that the employee would not otherwise have bought? Because an adjudication is required as to the employees' state of mind for each purchase over the history of his or her employment (throughout the past six years (*see* Cmplt. at ¶ 18)), the definition is improperly subjective.

Finally, because Plaintiff seeks to represent a class of employees in dozens of Gap stores throughout the state of New York for the past six years, identifying those individuals who claim or believe they are entitled to restitution for purchases would be extremely difficult, if not impossible, and would require extensive cost and time. Cmplt. at ¶ 8; *see Simer*, 661 F.2d at 669 n. 25 (rejecting proposed class definition based on putative class members' state of mind in part

OHS West:260133634.1

- 9 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

C 06 6773 WHA

because class members would be "difficult to identify" requiring significant cost and time). Additionally, determining who is an appropriate plaintiff under Plaintiff's unjust enrichment claim requires the parties to litigate the benefit or value, or lack of benefit or value, of each individual purchase. *See McGrath v. Hilding*, 41 N.Y.2d 625, 629, 363 N.E.2d 328, 331 (1977) (courts must make "a realistic determination based on a broad view of the human setting involved" whether "under the circumstances that in equity and good conscience he ought not to retain"); *Burian v. Kurtz*, No. 85 Civ. 9223 (KTD), 1990 U.S. Dist. LEXIS 6411 (S.D.N.Y. 1990) (because defendant "gave value" to the plaintiff for the interest he held in stock transaction, both parties received a benefit, and the defendant was not unjustly enriched).

Plaintiff's proposed class here is thus not ascertainable as pled, and the Court should strike the class definition in paragraph 18 from the Complaint.

### C. Plaintiff Cannot Sustain A Claim Under The "Kick-Back" Provision Of The Labor Law

Plaintiff's allegation that Gap violated New York Labor Law Section 198-b by forcing its employees to "kickback" a portion of their wages by purchasing clothing from Gap is insufficient as a matter of law. (Cmplt. at ¶ 42.) Plaintiff seeks to make new law by applying Section 198-b in a novel way to conduct never even contemplated, let alone prohibited, by that statute. Nothing in Section 198-b itself, its legislative history or New York case law prohibits the type of clothing-for-money exchange Plaintiff alleges.

Labor Law Section 198-b prohibits any firm, partnership, association, corporation, or group of persons from requesting, demanding, or receiving "a return, donation, or contribution of any part or all of [an] employee's wages" as a condition of procuring or retaining employment. Here, plaintiff does not allege a "return, donation or contribution" of her wages within the meaning of that statute. According to Plaintiff's Complaint, she was required to "purchase" clothing at the request of Gap. (Cmplt. at ¶¶ 41-42.) To purchase is to "gain" or "acquire" something "by paying money or its equivalent." Merriam-Webster Online Dictionary, http://www.m-w.com/dictionary/purchase (last visited Nov. 28, 2006). A purchase of goods is not a "return, donation or contribution" as set forth in Section 198-b, each of which terms

describe a unilateral transaction and not the exchange about which Plaintiff complains. Put simply, Plaintiff did not "kickback" her wages; instead, she acquired clothing (at a substantial discount) from Gap in exchange for money. Nothing in the language of Section 198-b prohibits such exchanges of goods for money. And, not surprisingly, there are no New York cases applying Section 198-b to such exchanges of goods for money.

The legislative history of Section 198-b confirms that the Section was not intended to prohibit the transactions about which Plaintiff is complaining. Section 198-b was enacted as a penal statute that made it illegal for employers to force their employees to remit wages as a condition of employment, which resulted in the employees working for less than they were entitled to under the prevailing rate of wages. *See* Request for Judicial Notice, Ex. B (*Mem.* in Support of L 1989, ch 177, 1989 NY Legis. Ann). Nowhere in the legislative history is it even contemplated that an exchange of monies for goods at fair market value, such as is alleged here, could be considered a "kickback." Based on the facts as she herself alleges them, Plaintiff is not a victim of an illegal kickback scheme, and the purchases about which Plaintiff complains are not within the scope of Section 198-b. For these reasons, this claim must be dismissed.

### D. An Employee's Purchase Of Clothing From Her Employer Does Not Constitute An Unlawful Deduction From Wages Within The Meaning Of Section 193

Plaintiff's claim for unlawful deductions under the New York Labor Law similarly fails as pled. As the Court of Appeals explained just two weeks ago, "[a] 'deduction' literally is an act of taking away or subtraction." *Angello v. Labor Ready, Inc.*, No. 149, 2006 N.Y. LEXIS 3519 (N.Y. 2006). A purchase of clothing at fair market value is not an unlawful "deduction" from wages. (Cmplt. at ¶ 35.) In *Angello*, the employer took a deduction from the plaintiffs' wages for the "convenience" of getting paid in a cash voucher. Here there is no such "taking away or subtraction." Plaintiff received goods of value – at a significant employee discount – in return for her payment. Thus, the transaction about which she complains is an "exchange," not a deduction, and as such is not governed by Section 193.

Further, as set forth by the Court of Appeals in *Angello* and *Hudacs v. Frito-Lay, Inc.*, 660 N.Y.S.2d 700 (N.Y. 1997), the legislative history of Section 193 confirms two primary intentions,

OHS West:260133634.1
- 11 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

C 06 6773 WHA

neither of which are at issue on the instant facts. First, as described in *Angello*, the "inequity that the Legislature sought to prevent" with the enactment of Section 193 and subsequent amendments was "coercive economic arrangements by which the employer can divert a worker's wages for the employer's benefit." *Id.* at *12 (emphasis added). In other words, arrangements by which an employer benefits at the employee's expense as a result of its "unequal bargaining power." *Id. Angello* involved just such a coercive economic arrangement where it was undisputed that the employer earned $8.3 million in gross revenue nationally from the voucher cashing fees it charged its temporary employees, yet the employees received nothing in exchange except "convenience." *Id.* at *7. Here, by contrast, Plaintiff received goods of value for her monies – goods which she chose and which could be used outside the workplace.

Second, as recognized in *Hudacs*, Section 193 – including the separate transaction provision upon which Plaintiff relies in her Complaint – is intended to prevent employers from requiring employees, "as a condition of obtaining or continuing in employment, to agree to reimburse the employer for monetary loss which the employer may deem attributable to him." *See* Request for Judicial Notice, Ex. C (Mem. In Support of L 1974, ch 160, 1974 NY Legis. Ann, at 2).

Thus, Section 193 places the "risk of loss" for such things as spoiled merchandise, damaged equipment, or account shortages on the employer rather than the employee. *Hudacs*, 660 N.Y.S.2d at 703 (payback schemes to compensate employers for change being overpaid to customers or employee's mishandling of funds violate Section 193) (*citing Mem.* in Support of L 1974, ch 160, 1974 NY Legis. Ann., at 2); *Bradford v. Salvatore*, 808 N.Y.S.2d 916 (1st Dep't 2005) (deduction from wages for damages to van caused in the course of employment violates Section 193); *Pachter v. Bernard Hodes Group, Inc.*, No. 03 Civ. 10239 (RPP), 2005 U.S. Dist. LEXIS 18005 at *6 (S.D.N.Y. 2005) (deductions from wages for an employee's poor performance violates Section 193). Here, Plaintiff is not alleging the type of "risk of loss" intended to be covered by the statute.

As the legislative history and the case law make clear, the exchange about which Plaintiff complains was not a deduction from her wages and does not violate Labor Law Section 193. It

neither benefits Gap at Plaintiff's expense nor does it place the "risk of loss" on Plaintiff – and Plaintiff is essentially asking this California Court to make new New York law by extending the reach of the statute into new areas. This is inappropriate and Plaintiff's Section 193 claim should be dismissed.

### E. Plaintiff's Claim For Unjust Enrichment Must Be Dismissed

Plaintiff's allegation that Gap was unjustly enriched when it failed to reimburse Plaintiff for the cost of clothing that it allegedly required her to purchase and wear at work is insufficient as a matter of law. (Cmplt. at ¶¶ 44-46.) To successfully state a claim for unjust enrichment under New York law – as is applicable here – a plaintiff must demonstrate that: (1) defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution. *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000). The third element has been further described as "the acceptance or retention by defendant of the benefit under such circumstances as to make it inequitable for defendant to retain the benefit without payment of its value." *Webb v. Robert Lewis Rosen Assocs., Ltd.*, No. 03 Civ. 4275 (HB), 2004 U.S. Dist. LEXIS 12024, at *6 (S.D.N.Y. June 29, 2004).

"[M]ore is required than simply showing that one party received a benefit." *Mayer v. Bishop*, 551 N.Y.S.2d 673, 675 (1st Dep't 1990). Exchanges where both parties benefit – *i.e.*, receive something of value – do not constitute unjust enrichment. For example, in *Groh v. Halloran*, 448 N.Y.S.2d 683, 685 (1st Dep't 1982), the court found that a mortgagee was not unjustly enriched when it gave value for mortgages it held. *See also, Sterlacci v. Gurfein*, 794 N.Y.S.2d 362, 362 (1st Dep't 2005) (defendants found to have been unjustly enrichment because there was "no evidence that defendants provided [plaintiff] with any value for the money they received from her"); *Burian v. Kurtz*, No. 85 Civ. 9223 (KTD), 1990 U.S. Dist. LEXIS 6411 at *8-9 (S.D.N.Y. May 30, 1999) (finding that because the defendant did not control the plaintiff's equity interest "under such circumstances that in equity and good conscience he ought not to retain" and the defendant "gave value" to the plaintiff for the interest he held, the defendant was not unjustly enriched) (quotation omitted).

Thus, even if Plaintiff could establish that Gap received a benefit when she was allegedly

OHS West:260133634.1 - 13 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF     C 06 6773 WHA

required to purchase Gap clothing to wear at work, the benefit was not at Plaintiff's expense because she received something of value – clothing that she could wear as part of her ordinary wardrobe. Plaintiff does not allege that the fair market value of the clothing was less than she paid for it, nor does she allege that she was required to purchase specific articles of clothing, or that she was unable to wear the clothing she purchased after her employment ended. Plaintiff thus cannot allege that she received less value than what she paid for. Therefore, the Court should dismiss Plaintiff's unjust enrichment claim.

### F.     Plaintiff Is Not Entitled To A Jury Trial On Any Of Her Claims

The Court should strike Plaintiff's demand for a jury trial as to any claims that might survive the motion to dismiss. (*See* Cmplt. at ¶ 12). As the courts in New York have held, where the specific remedies available to an employee under the Labor Laws are limited to equitable relief, including back pay, the plaintiff is not entitled to a trial by jury. *See Majer v. Metropolitan Transp. Auth.*, No. 90 Civ. 4608 (LLS), 1992 U.S. Dist. LEXIS 6239, at *3-4 (S.D.N.Y. May 7, 1992) (defendant's motion to strike jury demand on Labor Law claim granted); *Scaduto v. Restaurant Assocs. Indus., Inc.*, 579 N.Y.S.2d 381, 381-82 (1st Dep't 1992) (employee not entitled to jury trial in action brought under Labor Law section which provides only equitable relief and back pay, but not compensatory damages).

Like the Labor Law section at issue in *Majer* and *Scaduto*, Section 198 – the costs and remedies section applicable to both Sections 193 and 198-b – provides only equitable relief in the form of back pay, but no compensatory damages. Further, as in *Scaduto*, 579 N.Y.S.2d at 382, Section 198, "by its express terms, states that it is the court itself which awards relief":

> 1.     In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, ***the court may allow*** such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs.
>
> 1-la.  In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, ***the court shall allow*** such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

N.Y. Labor Law Section 198 (1)-(1-a) (McKinney 2006). Plaintiff's demand for a jury trial with respect to her Labor Law claims should be stricken.

This Court should also strike Plaintiff's demand for a jury trial with respect to her claim for unjust enrichment. It is well established that unjust enrichment is traditionally equitable in nature and, as noted above, that a party is not entitled to a jury trial where only equitable claims are at issue. *See Indyk v. Habib Bank, Ltd.*, 694 F.2d 54, 57 (2d Cir. 1982) ("[t]he term 'unjust enrichment' is founded upon the equitable principle that a person should not be allowed to enrich himself unjustly at the expense of another"); *Design Strategy, Inc. v. Davis*, No. 05-4909-CV, 2006 U.S. App. LEXIS 25889, at *13-14 (2d Cir. Oct. 16, 2006) (employee not entitled to jury trial on equitable claims including unjust enrichment). Thus, Plaintiff is not entitled to a jury on any of her claims and her request for one should be stricken.

## IV.   CONCLUSION

For the reasons stated above, Gap asks that this Court issue an Order striking paragraphs 6 and 7 of Plaintiff's complaint, striking Plaintiff's defective class definition, striking Plaintiff's request for a jury; and dismissing with prejudice Plaintiff's substantive claims under Labor Law Section 198-b and Section 193, and her claim for unjust enrichment.

Dated: November 29, 2006

LYNNE C. HERMLE
JESSICA R. PERRY
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Lynne C. Hermle
LYNNE C. HERMLE
Attorneys for Defendant
Gap, Inc.

OHS West:260133634.1   - 15 -

GAP'S NOTICE OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    C 06 6773 WHA

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 29, 2006.

Dated:  November 29 , 2006.                                   Respectfully submitted,

                                                                          /s/ Lynne C. Hermle
                                                                          Name of Attorney