IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIENNA HOWARD,<br><br>    Plaintiff,<br><br>  v.<br><br>GAP, INC.,<br><br>    Defendant.<br>_____ / | No. C 06-06773 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION TO STRIKE** |

## INTRODUCTION

In this putative class action, defendant moves to strike portions of plaintiff's complaint and moves to dismiss plaintiff's claims under Rule 12(b)(6). Plaintiff has failed to plead claims for unjust enrichment and violations of New York's statutes prohibiting illegal kickbacks and deductions from employee wages. Plaintiff will be granted limited leave to amend. Defendant's motion to dismiss is **GRANTED**, and defendant's motion to strike is **DENIED AS MOOT**.

## STATEMENT

Defendant Gap, Inc., is a clothing retailer who sells clothing and accessories under its own name and under the names of its wholly-owned subsidiaries Banana Republic, Old Navy, and Forth & Towne (Req. Jud. Not. Exh. A). Each of those companies is a separate limited liability company with independent corporate structures and leadership (*ibid*.).

In 2002, Howard began working for Gap as a sales associate at one of its stores in Buffalo, New York (First Amd. Compl. ¶ 12). She did not allege when her employment ended

or how long she worked for Gap, although at oral argument defense counsel stated she had worked only three shifts for a total of 12 hours. As a sales associate, she assisted customers with purchases and stocked the store's merchandise (*id*. at ¶ 8). Sales associates were paid at an hourly rate (*id*. at ¶ 9).

Howard alleged that while she was being trained, her manager told her that she and all sales associates must purchase Gap's clothing and accessories to wear while working (*id*. at ¶ 13). Howard then purchased unspecified items of clothing from Gap (*id.* at ¶ 14). Defendant did not reimburse her for her expenditures (*ibid*.). She alleged that these purchases were a condition of her employment at all times she was working there (*id*. at ¶ 15).

Plaintiff filed this class-action complaint on October 31, 2006. She then filed her first amended complaint on December 8, 2006, shortly after defendant had filed a motion to dismiss. In her first amended complaint, Howard changed her class definition and added some language to her jury demand. She now purports to represent "all hourly-paid, non-managerial employees (sales associates) who work or worked at one or more of defendant's retail clothing stores in New York during the past six years" (*id*. at ¶ 18). Howard's complaint alleges three claims. First, she alleges that defendant violated New York Labor Law Section 193 which prohibits unauthorized deductions from employees' wages. Second, she alleges that defendant violated New York Labor Law Section 198-b and its prohibition on illegal kickbacks to employers. In her third claim, plaintiff alleges unjust enrichment.

**ANALYSIS**

**1. MOTION TO DISMISS.**

A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "All allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party, but conclusory allegations of law and unwarranted inferences are insufficient

2

to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir., 2004).

**A.    Illegal Kickbacks Under New York Labor Law Section 198-b.**

Under New York law, employers are prohibited from requesting, demanding, or receiving "a return, donation or contribution of any part or all of said employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment." N.Y. Lab. Section 198-b. Few decisions in New York address this section. In *Chu Chung v. New Silver Palace Restaurant*, 272 F. Supp.2d 314, 317 (S.D. N.Y. 2003), the district court held that Section 198-b provided a private cause of action for busboys whose employer required them to remit a portion of their tips as a condition of employment. In *Bull & Bear Group, Inc. v. Fuller*, 170 A.D.2d 275, 277 (N.Y. App. Div. 1 1991), a contract requiring a corporate officer to sign a promissory note to purchase stock was held not to be an illegal kickback under Section 198-b. Neither of these decisions squarely addresses Howard's allegations.

Plaintiff contends that her allegedly compelled purchases were a return of her wages under Section 198-b. Defendant argues in response that the legislative history of Section 198-b clearly indicates that it was not intended to apply to purchases where the employee received something of value in return; it was only intended to apply to unilateral transactions where employees were required to give back a part of their wages without receiving anything in return. Section 198-b was meant to be a penal statute to prohibit employers from taking back a portion of employees' wages so that employees would not be working for less than the agreed-upon wages or prevailing rates (Req. Jud. Not. Exh. B). It was also intended to prevent pay-to-play contracts where employees or contractors would be required to pay employers to secure employment. The legislative history does not state that bilateral transactions were covered by Section 198-b, nor does it say that they were not covered.

"It is axiomatic that, for better or for worse, employees reflect on their employer." *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 135 (1st Cir. 2004). Employers have an

3

1  interest in ensuring that their employees appear professional.  They may create standards to
2  govern their employees' appearance and grooming, provided the standards are reasonable and
3  not discriminatory.  *See Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1109–1110 (9th
4  Cir. 2006).  In addition to having an interest in ensuring that its employees appear professional,
5  Gap specifically has a legitimate interest in having its employees wear its clothing.  Employees
6  model the clothes for sale to Gap's customers and project confidence in Gap and its products.
7  Indeed, it could be detrimental to defendant if a customer enters one of its stores and sees an
8  employee wearing a competitor's apparel.

9  Serving Gap's interest in having its employees wear its clothing does not necessarily
10 require that employees purchase clothing from Gap.  Perhaps they could obtain similar clothing
11 from other sources as defendant suggested at the hearing on this motion.  Alternatively, the
12 employee might already own Gap clothing, or Gap could supply clothing on loan.  The latter
13 would probably prove unworkable, and many employees may not own Gap clothing before
14 starting work.  Howard implies that Gap should have reimbursed her the clothing she bought,
15 but it is difficult to see the end to this argument.  If she has to be reimbursed for clothing to
16 wear to work, why not for travel to get there?

17 The best analogy for Howard's situation would likely be where an employer required an
18 employee to purchase a uniform or a certain type of clothing to wear to work.  It is true that in
19 our immediate case employees must purchase clothing from their employer, but Howard has not
20 alleged that Gap is taking advantage of its policy outside of its legitimate interest in having its
21 employees wear its clothing.  Nowhere in her arguments has Howard distinguished Gap's
22 alleged policy from being required to purchase a uniform.  Furthermore, even if all of her
23 allegations are taken as true, there is no suggestion of any kind of "pay-to-play" arrangement
24 that the illegal kickback law was intended to address. Gap did not require its employees to
25 purchase and wear its clothes solely for profit; it had a legitimate interest in having them wear
26 their clothes.  Additionally, Gap gave them something of value in return which plaintiff has not
27 alleged to be useless outside of the workplace.

28

4

A decision in this district has held that a class-action plaintiff had stated a claim under California law where her employer required her to purchase clothing as a condition of employment. *Young v. Polo Retail Co. LLC*, No. C 02-4546 (N.D. Cal. Aug. 18, 2003) (Walker, J). The plaintiff alleged that the employer was profiting from sales to employees; the employer "advanced" clothing to employees and then deducted payment from employees' paychecks over time. The plaintiff also alleged that the employer's requirement to buy clothing was a significant cost to employees even though it was sold to them at a substantial discount. Howard has alleged no such thing here. She has not alleged that she suffered any financial burden from her allegedly compelled purchases or that she was even required to buy certain pieces or a certain amount of clothing. She has also not given any information about how long she worked for Gap or how much she spent on clothing items.

Even assuming her allegations to be true, she has not alleged that she was paid at less than the agreed-upon wage because of the purchases. If she was required to purchase the clothing, she received something of value in return. Indeed, it seems difficult for her to allege that that was the case, given that defendant argued at the hearing that Howard only worked at a Gap store for a total of 12 hours. Plaintiff has not stated a claim under Section 198-b. Defendant's motion is **GRANTED** as to this claim.

**B.      Unlawful Deductions Under New York Labor Law Section 193.**

Section 193 prohibits deductions from employee wages unless made pursuant to government regulations or expressly authorized by the employee and for the employee's benefit, whether done outright or by separate transaction. Plaintiff's allegations clearly do not constitute a direct deduction, so if anything, plaintiff's claim must constitute a separate transaction.

The question now becomes whether an allegedly compelled purchase can constitute a deduction from wages through a separate transaction. Two decisions in New York have construed the bounds of separate transactions under Section 193. In the first, *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 348–349 (1997), the employer required employees to collect cash payments from customers, deposit the payments in the employees' personal accounts, and write a check to the company for the collected funds. This practice was held to be a separate transaction

5

but it did not violate the statute because the collected funds were clearly not the employees' wages. In the second, *Angello v. Labor Ready, Inc*., 2006 N.Y. LEXIS 3519, *6–*7 (N.Y. 2006), the employer gave day laborers the option of receiving a cash voucher to be redeemed at the employer's cash machine. The machine deducted a fee from the wages. This was held to not be a separate transaction because the employee had not yet been paid when the fee was deducted; payment of the employees' wages and the deduction of the fee were a single transaction. The court held that the voucher fee violated the statute because it was an unlawful deduction whose only benefit to employees was "convenience."

Here, Howard's allegations are more similar to *Hudacs*. She has not alleged that the money used to pay for the Gap clothing came out of, or was deducted from her wages. The money could have come from funds she already had, from funds she was given, or from any other source. Howard has acknowledged that her wages and the purchases of clothing were separate transactions, but they are not sufficiently connected to one another to constitute a violation of New York's unlawful deduction law. Her claim that she should have been reimbursed for her purchases supports this conclusion. If the purchases had in fact come out of her wages, Gap would be required to return funds to which she was already entitled. The connection between the purchases and her wages is simply too attenuated to support a claim of an unlawful deduction.

Defendant also argues that Howard's claim fails because she received a benefit from buying the clothes. For instance, she could wear them outside of work and after her employment ended at Gap. Plaintiff has never alleged that this was not the case. Plaintiff has also never alleged when these purchases occurred, or how much they cost. Defendant also argues that plaintiff purchased the clothing at a significant discount, thus conferring a *monetary* benefit upon her. Defendant probably overlooks the possibility that its employees might need that money for the necessities of life, but reasonable minds could differ as to the value of discounted clothing. Some employees might consider the discount a perquisite. That is not at issue here.

Plaintiff still cannot get around the fact that these purchases, compelled or not, are factually indistinct from being required to purchase equipment or a uniform for work. Even

6

when considered a separate transaction, it is difficult to see that there is a deduction here when plaintiff received something of value, the use of which was not confined to the workplace. Taking plaintiff's allegations as true, she has not pleaded that Gap was making unlawful deductions from her wages. Defendant's motion is **GRANTED** as to this claim.

### C. Unjust Enrichment.

Howard's third and final claim is for unjust enrichment. To plead a claim for unjust enrichment under New York law, plaintiff must allege (1) that defendant benefitted; (2) at plaintiff's expense; and (3) equity and good conscience require restitution. *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000). Exchanges where both parties benefit do not constitute unjust enrichment. *Groh v. Halloran*, 448 N.Y.S.2d 683, 685 (1st Dept. 1982). Whether parties received a benefit relies on fair market value, not subjective value to the recipient. *Kastrat v. Wynnikiw*, 788 N.Y.S.2d 339, 340 (1st Dept. 2004).

Here, plaintiff has alleged that defendant benefitted from employee purchases by receiving money and by having its employees wear its clothes while working in Gap stores. She has also alleged that she had to buy the clothing at her own expense, and Gap did not reimburse her for the purchases. The final factor is more problematic. Nowhere in her complaint did Howard allege that the clothing she received was worth less than fair market value, nor did she ever indicate that the clothing had no objective value. She did not allege that she was required to buy certain items, or that she could wear them in no other circumstances, or that she could not wear them after she stopped working at Gap. Since she received something of objective value, equity and good conscience do not demand that she receive restitution. Thus, plaintiff has failed to plead a claim for unjust enrichment. This claim must be **DISMISSED**.

### 2. LEAVE TO AMEND.

Howard asks for leave to amend if her claims should be dismissed. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment. Leave to amend may be properly denied, however, where amendment would be futile. *Thinket Ink Infor. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Defendant argues that plaintiff has already amended her complaint

once in response to defendant's filing a motion to dismiss. Howard only made small changes to her proposed class definition and demand for a jury trial. Gap styles this as plaintiff's implicit admission that she has failed to state a claim. This argument assumes far too much from plaintiff's actions. Howard will be allowed limited leave to amend her complaint.

Defendant contends that plaintiff should not be allowed to amend her complaint to add or include allegations regarding Banana Republic, Old Navy, and Forth & Towne stores and Gap stores outside of New York. Doing so would be futile because plaintiff lacks standing to bring those claims. Gap is correct. To assert a class claim, plaintiff must have suffered some injury because of the actions or inactions of defendants. *Simon v. Eastern Kentucky Welfare Rights Org. et al.*, 426 U.S. 26, 44–46 (1976).

Defendant asks the court to take judicial notice of Gap's annual report (Req. Jud. Not. Exh. A). Judicial notice of this information is proper under FRE 201(b) as it is publicly available, easily verified information. Gap's annual report indicates that Banana Republic, Old Navy, and Forth & Towne are Gap's wholly-owned subsidiaries that are separate limited liability companies with separate management structures. Furthermore, Howard has never alleged that she was ever employed by those companies. She cannot allege that she was ever injured by the other retailers because she was never subject to their policies, and those retailers are separate legal entities from Gap. Howard cannot, by herself, represent current and former employees of the other companies. She will not be allowed to amend her complaint to include allegations about Banana Republic, Old Navy and Forth & Towne stores, or Gap stores outside of New York. Because defendant's motion to dismiss is granted as to all of plaintiff's claims and plaintiff will be allowed leave to amend, defendant's motion to strike is **DENIED AS MOOT.**

8

**CONCLUSION**

For all the above-stated reasons, defendant's motion to dismiss is **GRANTED**. Plaintiff will be allowed leave to amend her complaint. Defendant's motion to strike is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: January 19, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9