STEPHEN P. CONNOR
ANNE-MARIE E. SARGENT
CONNOR & SARGENT PLLC
999 Third Avenue, Suite 4200
Seattle, Washington 98104
Telephone: 206.654.5050
Fax: 206.624.5469
Attorneys for Plaintiff
DIENNA HOWARD

LYNNE C. HERMLE, Bar No. 99779
JESSICA R. PERRY, Bar No. 209321
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650.614.7400
Fax: 650.614.7401
Attorneys for Defendant
GAP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIENNA HOWARD, on her own behalf and behalf of a class of similarly situated employees,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAP, INC.,<br><br>    Defendant. | Case No.  C-06-6773 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>Date:     March 8, 2007<br>Time:     10:00 a.m.<br>Courtroom: 19<br>Judge:    Honorable William H. Alsup |

JOINT CASE MANAGEMENT STATEMENT
(C06-6773 WHA) - 1

**CONNOR & SARGENT** PLLC
999 Third Avenue Suite 4200
Seattle WA 98104-4090
(206) 654-5050 • FAX (206) 624-5469

OHS West:260187309.1

Pursuant to Fed. R. Civ. Pro. 26(f), Local Rule 16-9(a) and (b) and appendix A, and ADR Local Rule 3-4 and 3-5, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

**Brief Description of the Events Underlying the Action**: Plaintiff contends that Gap required her and other employees working in the state of New York to purchase and wear Gap clothing "to be worn while working at defendant's store" and that such expenditures were not reimbursed by Gap.  Plaintiff seeks to represent a class of employees of Gap, Inc. in the state of New York for six years preceding the filing of the complaint.  Plaintiff asserts that (1) Gap's alleged policy of requiring its employees to purchase Gap clothing to be worn while working resulted in an unlawful "kick-back" in violation of New York Labor Law Section 198-b; and (2) this policy constitutes an unlawful deduction under New York Labor Law Section 193.  Defendant denies that Plaintiff or any potential class member was required to buy and/or wear to work clothing sold by Defendant.

1. **Principle Factual Issues in Dispute**:

    a. Whether Gap required Plaintiff to purchase and wear Gap clothing;

    b. Whether Gap's alleged requirement that Plaintiff purchase and wear Gap clothing was a "policy" or applied to any other Gap employee;

    c. Whether Plaintiff purchased Gap clothing with her wages; and

    d. Whether Plaintiff's clothing purchases reduced her wages below an agreed-upon rate.

JOINT CASE MANAGEMENT STATEMENT
(C06-6773 WHA) - 2

**CONNOR & SARGENT PLLC**
999 Third Avenue Suite 4200
Seattle WA 98104-4090
(206) 654-5050 • FAX (206) 624-5469

OHS West:260187309.1

2. **Principle Legal Issues in Dispute**:

   a. Whether Plaintiff can satisfy the requirements for certification of a class pursuant to Federal Rule of Civil Procedure 23;

   b. Whether Gap required Plaintiff to "kickback" her wages in violation of New York Labor Law Section 198-b;

   c. Whether Gap took a "deduction" from Plaintiff's wages in violation of New York Labor Law Section 193; and

   d. Whether any putative class member suffered damage as a result of Gap's alleged policy requiring the purchase of Gap clothing.

3. **Other Unresolved Factual Issues**: The parties intend to request that the Court enter a stipulated protective order regarding confidential information. No additional factual issues remain unresolved at this time.

4. **Unserved Parties**: None.

5. **Additional Parties to Join**: None. Gap has moved to strike reference in the Second Amended Complaint to other companies.

6. **Consent to a Magistrate Judge for Trial**: The parties do not consent to a Magistrate Judge for trial.

### ALTERNATIVE DISPUTE RESOLUTION

7. The parties have filed a Stipulation and Proposed Order Selecting an ADR process. The parties agree to private mediation. The parties have not yet selected a mediator. The parties anticipate that this mediation will occur within approximately 120 days.

JOINT CASE MANAGEMENT STATEMENT
(C06-6773 WHA) - 3

**CONNOR & SARGENT PLLC**
999 Third Avenue Suite 4200
Seattle WA 98104-4090
(206) 654-5050 • FAX  (206) 624-5469

OHS West:260187309.1

## DISCLOSURES

8. The parties certify that they will make their initial disclosures by March 5, 2007.

## DISCOVERY

9. The parties agree to the following discovery plan: The parties agree that discovery of this case should be completed in phases, with the first phase focusing on Plaintiff's motion for class certification, the second phase focusing on the merits of Plaintiff's claim, and the third focusing on damages. The parties anticipate that discovery related to certification will be completed in the fall of 2007.

The parties intend to follow the parameters for discovery set forth in the federal and local rules, although the parties reserve the right to request leave for additional discovery.

## TRIAL SCHEDULE

10. The parties request the court not set a trial date at this time. The parties propose the court set a trial date after determining whether this case can proceed as a class action.

11. If no class is certified, the parties expect a trial to last 3-5 days. If a class is certified, the parties expect a trial to last 15-20 days.

## CLASS ACTION ISSUES

12. Plaintiff contends this action is maintainable under FRCP 23(b)(3).

13. Plaintiff brings the action on behalf of the following class: all individuals who worked for Defendant in the state of New York at any time in the six years preceding the filing of the Complaint.

JOINT CASE MANAGEMENT STATEMENT  
(C06-6773 WHA) - 4

**CONNOR & SARGENT PLLC**  
999 Third Avenue Suite 4200  
Seattle WA 98104-4090  
(206) 654-5050 • FAX  (206) 624-5469

OHS West:260187309.1

14. Plaintiff contends the following facts show the action should be maintained as a class under Federal Rule of Civil Procedure 23(a): the class is so numerous that joinder is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative are typical of those of the class; and the class representative and her counsel will adequately protect the interest of the class.

15. Plaintiff contends that this class action is appropriate for treatment under FRCP 23(b)(3) because the questions of law or fact common to the class members predominate over individual questions, including whether Gap requires it employees to purchase it's clothing to wear to work, whether this policy resulted in unlawful "kick-backs" in violation of New York Labor Law Section 198-b, and whether this policy constitutes an unlawful deduction under New York Labor Law Section 193, and a class action is the superior method to adjudicate this controversy.

16. Plaintiff proposes the Court hear the class certification motion on September 20, 2007.

Dated:  March 1, 2007

/s/
STEPHEN P. CONNOR
ANNE-MARIE SARGENT
CONNOR & SARGENT PLLC
Attorneys for Plaintiff
DIENNA HOWARD

JOINT CASE MANAGEMENT STATEMENT
(C06-6773 WHA) - 5

CONNOR & SARGENT PLLC
999 Third Avenue Suite 4200
Seattle WA 98104-4090
(206) 654-5050 • FAX  (206) 624-5469

OHS West:260187309.1

Dated: March 1, 2007

          /s/
LYNNE C. HERMLE
JESSICA R. PERRY
ORRICK, HERRINGTON & SUTCLIFFE LLP
Attorneys for Defendant
GAP, INC.

## CASE MANAGEMENT ORDER

  The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: March __, 2007

Hon. William H. Alsup
United States District Judge

JOINT CASE MANAGEMENT STATEMENT
(C06-6773 WHA) - 6

**CONNOR & SARGENT** PLLC
999 Third Avenue Suite 4200
Seattle WA 98104-4090
(206) 654-5050 • FAX (206) 624-5469

OHS West:260187309.1