IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIENNA HOWARD,

    Plaintiff,

  v.

GAP INC.,

    Defendant.

No. C 06-06773 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this putative class action, defendant moves to dismiss under Rule 12(b)(6) or, in the alternative, moves to strike portions of the second amended complaint. This order holds that the pleading fails to state a claim for violation of New York's labor statutes prohibiting illegal kickbacks and deductions from employee wages. Plaintiff was already given leave to amend following the first motion to dismiss. Further leave to amend will not be granted. Accordingly, defendant's motion to dismiss is **GRANTED**. This action is **DISMISSED**.

## STATEMENT

Defendant Gap, Inc., is a clothing retailer selling clothing and accessories under its own brand name through its retail stores. At some time in 2002, plaintiff Dienna Howard took a job working as a sales associate at a Gap store in McKinley Mall in Buffalo (Compl. ¶ 13). Her duties included assisting customers with purchases and stocking the store's merchandise. Howard was paid at an unidentified hourly rate while working for defendant (*id.* at ¶ 8).

She worked for only twelve hours over two shifts before quitting her employment with defendant (*id*. at ¶ 16).

While she was being trained, plaintiff alleges that she was told by an unnamed manager that all sales associates must purchase, and while working, wear Gap clothing and accessories. Employees were allegedly required to make periodic clothing purchases from their employer to keep their attire current to reflect the items sold by the store at the time (*id.* at ¶ 14). Howard purchased items of clothing from her employer, including three t-shirts costing approximately $7.50 each, Capri jeans at an allegedly substantially higher price, and a grommet belt, the price of which was unknown to plaintiff (*id*. at ¶ 15). She alleges that such purchases were at all times a condition of her employment, and that her agreed-upon hourly wage was "substantially reduced by the purchases that she was required to make from Gap, Inc." (*id*. at ¶ 17–18). Finally, she alleges that the clothing purchases represented a significant cost to Gap's employees because of the low hourly wage they received, and that Gap sold clothing to its employees at a profit because "the cost of producing the clothing is less than the cost Defendant charges to its employees for the clothing" (*id*. at ¶ 12).

Plaintiff filed her first class-action complaint on October 31, 2006, in California asserting diversity jurisdiction. She then filed her first amended complaint on December 8, 2006, shortly after defendant had filed its first motion to dismiss. That complaint alleged three claims: a violation of New York Labor Law Section 193 prohibiting unauthorized deductions from employees' wages, a violation of New York Labor Law Section 198-b prohibiting illegal kickbacks to employers, and a claim for unjust enrichment. Defendant filed another motion to dismiss which was granted on January 19, 2007. Plaintiff was granted leave to amend. Thereafter, plaintiff filed a second amended complaint, adding a few general allegations and removing the claim for unjust enrichment. A hearing was held on this motion on April 26, 2007. Plaintiff's counsel did not appear.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party, but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**1.    ILLEGAL KICKBACKS UNDER NEW YORK LABOR LAW SECTION 198-b.**

Under Section 198-b, employers are prohibited from requesting, demanding or receiving "a return, donation or contribution of any part or all of said employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment." N.Y. Lab. § 198-b.

Plaintiff's prior claim under this section was dismissed at least in part because it was never clear that this section was intended to address bilateral transactions where the employee was given something of value. In response, plaintiff has added allegations that Gap's requiring her to purchase clothing was akin to the compelled purchase of a uniform. Plaintiff then refers to the Fair Labor Standards Act, under which "the Department of Labor has determined that employers are required to purchase and maintain uniforms that employees are required to wear to work" (Compl. ¶ 46). Howard states in her brief that she has not asserted a claim under the FLSA. Plaintiff also added an allegation that her wages were substantially reduced below the agreed-upon hourly wage because of the compelled purchases. She also alleged that the clothing was sold to her at a price higher than the cost of production.

As with the prior motion to dismiss, defendant again urges that the New York statute was not meant to address bilateral transactions in which the employee receives something of

1  value. Plaintiff has alleged that the clothing was a significant cost to her, and that the clothing
2  was sold to her at a price higher than the cost of production. This is not the same as alleging
3  that the company was trying to profit from the sales of clothing to its employees who received
4  little or nothing but continued employment in return. Absent from the complaint is any
5  allegation that the clothing was valueless to plaintiff, that she could not use it for other
6  purposes, or that she was directed to purchase certain items. Under the statute, she still has not
7  alleged that she "returned" her wages to her employer as a condition of employment. She
8  participated in a bilateral transaction. Here, Howard receives something of value; she is not
9  simply giving back part of her wages to her employer in exchange for continued employment.

10  As before, plaintiff has identified no decision in New York or elsewhere indicating that
11 this section was intended to apply to bilateral transactions. Of the two decisions found by the
12 Court that address this section, neither is pertinent here. In *Chu Chung v. New Silver Palace*
13 *Restaurant*, 272 F. Supp.2d 314, 317 (S.D. N.Y. 2003), it was illegal for busboys in a restaurant
14 to be required to remit a portion of their tips to their employer as a condition of employment. In
15 *Bull & Bear Group, Inc. v. Fuller*, 170 A.D.2d 275, 277 (N.Y. App. Div. 1 1991), a contract
16 that required a corporate officer to sign a promissory note to purchase stock was held not to be
17 an illegal kickback under Section 198-b because requiring him to do so was not a return of his
18 wages. As the earlier order held, neither of these situations covers plaintiff's complaint.

19  Plaintiff argues at length that her allegedly required purchases of Gap clothing were akin
20 to the mandatory purchase of a uniform. She points out in her amended complaint that the Fair
21 Labor Standards Act has been interpreted to require that employers must maintain and pay for
22 uniforms where the nature of the business requires the employee to wear a uniform. 37 C.F.R.
23 531.3(d). In her brief, however, she states that her allegations regarding the FLSA "are
24 included as background information relevant to Defendant's policy of requiring its employees
25 to purchase clothing from GAP to be worn while working. Plaintiff has not asserted claims
26 under the FLSA" (Opp. at 8). Even if she were trying to plead a claim under this regulation, it
27 addresses facilities provided by the employer and whether they must be included in
28

4

computations of reasonable cost in determining wages. There is no indication that there would be a private cause of action, or any cause of action at all under this regulation. At any event, any claim under the FLSA would be time-barred because the applicable statute of limitations is two years from accrual of the violation or three years if the violation was willful. 29 U.S.C. 255(a). At all times, plaintiff has pleaded that she worked at Gap in 2002, some four years before the first complaint was filed.

In response, defendant argues that even if its employees were required to purchase its clothing, it is less like a uniform than plaintiff contends because it can be used for other purposes than working at Gap. To use defendant's analogy, the clothes that plaintiff was allegedly required to buy were not like a shirt emblazoned with a "Kentucky Fried Chicken" logo. They could also be worn as part of the employee's everday, non-work wardrobe. Howard has never pleaded that she was unable to wear her clothing outside of working hours or after she had discontinued her employment. Plaintiff's allegedly compelled purchases of three t-shirts, a belt and a pair of jeans are not like a foundry worker's steel-toed boots or a surgeon's optical loupe. As the Court noted in the prior order, Gap, like most employers, has a legitimate interest in having its employees appear professional. Plaintiff's purchases are all things that she could use in her ordinary life.

Plaintiff has failed to plead that she was required to return her wages to her employer as a condition of her employment. Accordingly, defendant's motion to dismiss is **GRANTED** as to this claim.

**2.     UNLAWFUL DEDUCTIONS UNDER NEW YORK LABOR LAW SECTION 193.**

Section 193 also prohibits deductions from an employee's wages unless such deductions are made pursuant to government regulations or are expressly authorized by the employee and are for the employee's benefit, whether done outright or by a separate transaction. N.Y. Lab. § 193. For this claim, plaintiff's allegations remain substantially the same as before, except that she now alleges that the purchases she made were paid out of wages she earned from Gap. As

5

before, plaintiff does not plead that Gap deducted the money directly from her wages. She alleges that the deductions were made by separate transaction.

Defendant argues that even if the purchases were compelled, they were at a substantial discount and therefore plaintiff received a benefit. Defendant goes on to explain that if the purchases did constitute a deduction, they were exactly the sort of deduction for support or monetary benefit contemplated by the statute. Defendant cites *Angello v. Labor Ready*, 859 N.E.2d 480 (N.Y. 2006), in support of that proposition. This argument, however, stretches the statute too far. Under *Angello*, even deductions that ostensibly benefit workers can violate the statute. The statute itself specifies that "[s]uch authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions for charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee." N.Y. Lab. Code § 193. Payments for clothing do not fit in any enumerated category. Nor are they similar to deductions for insurance, health care, or union dues. Gap employees may have benefitted from the opportunity to purchase discounted clothing, but that was not the kind of benefit contemplated by the statute.

In her second amended complaint, plaintiff added the allegation that she paid for her allegedly compelled purchases out of her wages. Defendant argues that it is difficult to see how this could possibly be the case. If plaintiff was, as she alleges, required to wear Gap clothing at all times while working, she would have had to have started work wearing Gap clothing. This means that she would have had to have purchased them either before starting work, or very soon after starting work. Given plaintiff's brief career with Gap, it seems unlikely that the price of the clothing was deducted from her wages. On a motion to dismiss, however, plaintiff is entitled to all reasonable inferences in her favor. Her first few hours at Gap were perhaps devoted to training or orientation. She also alleges no facts as to when she purchased the clothing and so has not foreclosed the possibility that the purchases did, in fact, come from her wages.

6

Plaintiff has not, however, pleaded that this was the kind of coercive economic arrangement that the statute was meant to prevent. There is not a sufficient connection between her receiving her wages and the purchases she made to satisfy the statute. Beyond merely alleging that the purchases were made out of her wages, she has not pleaded a connection between her wages and an alleged deduction. She has cited to no decision, and none has been found, that would warrant extending New York's labor laws to cover the facts she alleges here.

Moreover, plaintiff still has not alleged that the clothing was of no value to her, that it was sold to her at a price greater than fair market value, or that she could not find other uses for it. It is likely true that she could have used the money for other necessities of life. Most jobs, however, come with some costs. Some workers must purchase business-casual clothing for work. Even more workers pay to commute to work, either by car or by transit. Such expenses reduce an employee's wages, but are not considered unlawful deductions and need not be reimbursed by employers. It is also likely true that Gap's alleged policy may not be the best or most fair way of treating its workers who are paid a relatively low hourly wage. Howard attempts to shoehorn the Gap's alleged policy into a New York statute prohibiting unauthorized deductions, but her allegations, even if true, do not fit into the statute. Accordingly, plaintiff has failed to plead a claim under Section 193. Defendant's motion is **GRANTED**, and this claim is **DISMISSED**.

## CONCLUSION

For all of the above-stated reasons, defendant's motion to dismiss is **GRANTED**. Plaintiff has already amended her complaint twice, so no further leave to amend will be given. Thus, this action is **DISMISSED**. The Clerk shall **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: April 26, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE