| | |
|---|---|
| 1 | LYNNE C. HERMLE (STATE BAR NO. 99779) |
|   | lchermle@orrick.com |
| 2 | JESSICA PERRY (STATE BAR NO. 209321) |
|   | jperry@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 1000 Marsh Road |
| 4 | Menlo Park, CA  94025 |
|   | Telephone:     650-614-7400 |
| 5 | Facsimile:      650-614-7401 |

Attorneys for Defendant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIENNA HOWARD, individually and on behalf of all similarly situated individuals, | Case No.  C 06 6773 WHA |
| Plaintiff | **DEFENDANT GAP INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| GAP INC., | |
| Defendant. | |

OHS West:260658339.1

1  Pursuant to Federal Rule of Civil Procedure 8, Defendant Gap Inc. hereby answers
2 plaintiff Dienna Howard's second amended complaint ("Complaint") as follows:

3  1. As to paragraph 1 of the Complaint, Defendant lacks knowledge or information
4 sufficient to form a belief about the truth of the allegation, and on that basis, denies the allegation.

5  2. As to paragraph 2 of the Complaint, Defendant admits that it is a clothing and
6 apparel accessories retailer with its business headquarters located at Two Folsom Street, San
7 Francisco, California. Except as expressly admitted, Defendant denies each and every allegation
8 in the paragraph.

9  3. As to paragraph 3 of the Complaint, Defendant denies each and every allegation in
10 the paragraph, except to the extent that the allegations set forth in this paragraph assert no factual
11 contentions or assert only legal conclusions, and as to those allegations, Defendant denies each
12 and every allegation.

13  4. As to paragraph 4 of the Complaint, Defendant admits that it resides in this judicial
14 district. The remaining allegations in this paragraph assert no factual contentions or assert only
15 legal conclusions and as to those allegations, Defendant denies each and every allegation.

16  5. As to paragraph 5 of the Complaint, Defendant admits that it resides in San
17 Francisco County. The remaining allegations in this paragraph assert no factual contentions or
18 assert only legal conclusions and as to those allegations, Defendant denies each and every
19 allegation.

20  6. As to paragraph 6 of the Complaint, Defendant admits that as the principal part of
21 its business, at points during the statute of limitations period, Defendant owned and operated
22 more than 2,500 retail clothing stores nationwide under the GAP, Banana Republic, Old Navy,
23 and Forth & Towne brands. Except as so admitted, Defendant denies each and every allegation in
24 the paragraph.

25  7. As to paragraph 7 of the Complaint, Defendant admits that in 2005, the net sales
26 from the operation of defendant's retail clothing operation totaled approximately $16 billion.

27  8. As to paragraph 8 of the Complaint, Defendant admits that it hires sales associates
28 to perform various duties, which include but are not limited to assisting customers and stocking

1  merchandise. Except as so admitted, Defendant denies each and every allegation in the
2  paragraph.
3      9. As to paragraph 9 of the Complaint, Defendant admits that its sales associates are
4  paid an hourly rate.
5      10. As to paragraph 10 of the Complaint, Defendant denies each and every allegation
6  in the paragraph.
7      11. As to paragraph 11 of the Complaint, Defendant denies each and every allegation
8  in the paragraph.
9      12. As to paragraph 12 of the Complaint, Defendant denies each and every allegation
10 in the paragraph.
11     13. As to paragraph 13 of the Complaint, Defendant admits that in 2002 plaintiff
12 began working for defendant as a sales associate at its GAP store in McKinley Mall, Buffalo,
13 New York.
14     14. As to paragraph 14 of the Complaint, Defendant denies each and every allegation
15 in the paragraph.
16     15. As to paragraph 15 of the Complaint, Defendant denies each and every allegation
17 in the paragraph, except as to those allegations of which Defendant lacks knowledge or
18 information sufficient to form a belief about the truth of the allegations, and as to those
19 allegations, denies each and every allegation.
20     16. As to paragraph 16 of the Complaint, Defendant admits that plaintiff worked for
21 defendant for approximately twelve hours over approximately two shifts before she terminated
22 her employment with Defendant.
23     17. As to paragraph 17 of the Complaint, Defendant denies each and every allegation
24 in the paragraph.
25     18. As to paragraph 18 of the Complaint, Defendant denies each and every allegation
26 in the paragraph.
27     19. As to paragraph 19 of the Complaint, the allegation set forth in this paragraph
28 asserts no factual contentions or asserts only legal conclusions and, therefore, Defendant denies

1 the allegation therein.

2     20. As to paragraph 20 of the Complaint, the allegation set forth in this paragraph
3 asserts no factual contentions or asserts only legal conclusions and, therefore, Defendant denies
4 the allegation therein.

5     21. As to paragraph 21 of the Complaint, the allegations set forth in this paragraph
6 assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies
7 each and every allegation therein.

8     22. As to paragraph 22 of the Complaint, Defendant denies each and every allegation
9 in the paragraph, except as to those allegations of which Defendant lacks knowledge or
10 information sufficient to form a belief about the truth of the allegations, and as to those
11 allegations, Defendant denies each and every allegation.

12     23. As to paragraph 23 of the Complaint, Defendant denies each and every allegation
13 in the paragraph.

14     24. As to paragraph 24 of the Complaint, Defendant denies each and every allegation
15 in the paragraph.

16     25. As to paragraph 25 of the Complaint, Defendant denies each and every allegation
17 in the paragraph.

18     26. As to paragraph 26 of the Complaint, Defendant lacks knowledge or information
19 sufficient to form a belief about the truth of the allegations, and on that basis, denies each and
20 every allegation therein.

21     27. As to paragraph 27 of the Complaint, Defendant denies each and every allegation
22 in the paragraph.

23     28. As to paragraph 28 of the Complaint, Defendant denies each and every allegation
24 in the paragraph.

25     29. As to paragraph 29 of the Complaint, Defendant denies each and every allegation
26 in the paragraph.

27     30. As to paragraph 30 of the Complaint, Defendant denies each and every allegation
28 in the paragraph.

1   31.   As to paragraph 31 of the Complaint, Defendant denies each and every allegation
2   in the paragraph.
3   32.   As to paragraph 32 of the Complaint, the allegation set forth in this paragraph
4   asserts no factual contentions or asserts only legal conclusions and, therefore, Defendant denies
5   the allegation therein
6   33.   As to paragraph 33 of the Complaint, the allegations set forth in this paragraph
7   assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies
8   each and every allegation therein.
9   34.   As to paragraph 34 of the Complaint, the allegations set forth in this paragraph
10  assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies
11  each and every allegation therein.
12  35.   As to paragraph 35 of the Complaint, Defendant denies each and every allegation
13  in the paragraph.
14  36.   As to paragraph 36 of the Complaint, the allegations set forth in this paragraph
15  assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies
16  each and every allegation therein.
17  37.   As to paragraph 37 of the Complaint, the allegations set forth in this paragraph
18  assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies
19  each and every allegation therein
20  38.   As to paragraph 38 of the Complaint, Defendant denies each and every allegation
21  in the paragraph.
22  39.   As to paragraph 39 of the Complaint, Defendant lacks knowledge or information
23  sufficient to form a belief about the truth of the allegations, and on that basis, denies each and
24  every allegation..
25  40.   As to paragraph 40 of the Complaint, Defendant denies each and every allegation
26  in the paragraph.
27  41.   As to paragraph 41 of the Complaint, the allegation set forth in this paragraph
28  asserts no factual contentions or asserts only legal conclusions and, therefore, Defendant denies

the allegation therein.

42. As to paragraph 42 of the Complaint, the allegations set forth in this paragraph assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies each and every allegation therein

43. As to paragraph 43 of the Complaint, the allegations set forth in this paragraph assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies each and every allegation therein.

44. As to paragraph 44 of the Complaint, the allegations set forth in this paragraph assert no factual contentions or assert only legal conclusions and, therefore, Defendant denies each and every allegation therein.

45. As to paragraph 45 of the Complaint, Defendant denies each and every allegation set forth therein.

46. As to paragraph 46 of the Complaint, Defendant denies each and every allegation in the paragraph, except to the extent that the allegations set forth in this paragraph assert no factual contentions or assert only legal conclusions, and as to those allegations, Defendant denies each and every allegation.

47. As to paragraph 47 of the Complaint, Defendant denies each and every allegation in the paragraph.

48. As to paragraph 48 of the Complaint, Defendant denies each and every allegation in the paragraph.

49. As to the allegations regarding plaintiff's requests for relief on page 7, lettered a) through f) and on page 9 lettered a) through f) and again a) through d), Defendant denies that plaintiff or a purported class is entitled to any of the relief requested therein from Defendant.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. As a separate defense to the Complaint and to each claim for relief therein, Defendant alleges that the Complaint, and each purported claim set forth therein, fails to state a claim upon which relief may be granted.

|   |   |
|---|---|
| 1 | SECOND DEFENSE |

2   2.   As a separate defense to the Complaint and each claim for relief therein, no conduct by or attributable to Defendant was the cause in fact or legal cause of the damages, if any, suffered by plaintiff and/or the proposed class.

THIRD DEFENSE

3.   As a separate defense to the Complaint and each claim for relief therein, should it be determined that plaintiff and/or the proposed class have been damaged, said damages were proximately caused by their own conduct.

FOURTH DEFENSE

4.   As a separate defense to the Complaint and each claim for relief therein, plaintiff's and/or the proposed class members' claims are barred by the applicable statute of limitations.

FIFTH DEFENSE

5.   As a separate defense to the Complaint and each claim for relief therein, plaintiff and/or the proposed class have unreasonably delayed bringing this action to the prejudice of Defendant, and therefore the Complaint and each claim for relief therein is barred by the doctrine of laches.

SIXTH DEFENSE

6.   As a separate defense to the Complaint and each claim for relief therein, plaintiff and/or the proposed class are barred from any relief by the doctrines of *in pari delicto* and unclean hands, and/or after-acquired evidence, or in the alternative these doctrines cut off or reduce their alleged damages.

SEVENTH DEFENSE

7.   As a separate defense to the Complaint and each claim for relief therein, plaintiff's and/or the proposed class members' recovery in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

EIGHTH DEFENSE

8.   As a separate defense to the Complaint and each claim for relief therein, the claims

of some of the proposed class members are barred by the doctrine of settlement and release.

### NINTH DEFENSE

9. As a separate defense to the Complaint and each claim for relief therein, some of the proposed class members' claims are barred by payment, setoff, and/or accord and satisfaction.

### TENTH DEFENSE

10. As a separate defense to the Complaint and each claim for relief therein, some of the proposed class members' claims are subject to disputes over wages.

### ELEVENTH DEFENSE

11. As a separate defense to the Complaint and each claim for relief therein, Defendant acted in good faith and had reasonable grounds for believing its actions did not violate New York law.

### TWELFTH DEFENSE

12. As a separate defense to the Complaint and each claim for relief therein, Defendant was not unjustly enriched.

### THIRTEENTH DEFENSE

13. As a separate defense to the Complaint and each claim for relief therein, plaintiff fails to state facts sufficient to support an award of compensatory damages against Defendant.

### FOURTEENTH DEFENSE

14. As a separate defense to the Complaint and each claim for relief therein, plaintiff is not entitled to equitable relief because plaintiff and/or the proposed class members have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to plaintiff and the proposed class under the provisions of applicable state or federal law.

### FIFTEENTH DEFENSE

15. As a separate defense to the Complaint and each claim for relief therein, adjudication of plaintiff's claims on a class wide basis would violate Defendant's right to due process and a jury trial and is barred by the Rules Enabling Act.

### SIXTEENTH DEFENSE

16. As a separate defense to the Complaint and each claim for relief therein, plaintiff's

class action claims under the New York Labor Law are barred by Rule 901(b) of the New York Civil Practice Law and Rules.

### SEVENTEENTH DEFENSE

17. As a separate defense to the Complaint and each claim for relief therein, plaintiff is an inadequate class representative because liquidated and/or punitive damages and/or penalties may not be recovered in a class action brought by plaintiff under the New York Labor Law.

### EIGHTEENTH DEFENSE

18. As a separate defense to the Complaint and each claim for relief therein, plaintiff and/or the proposed class released, relinquished, waived and are estopped from asserting any of the claims upon which plaintiff and the proposed class now seek relief.

### NINETEENTH DEFENSE

19. As a separate defense to the Complaint and to each claim for relief therein, the Complaint fails to allege facts sufficient to justify injunctive or other equitable relief.

### TWENTIETH DEFENSE

20. As a separate defense to the Complaint and each claim for relief therein, plaintiff cannot satisfy the requirements for a class, representative, group or collective action.

### TWENTY-FIRST DEFENSE

21. As a separate defense to the Complaint and each claim for relief therein, plaintiff has failed to exhaust her administrative, statutory, and/or contractual remedies.

### TWENTY-SECOND DEFENSE

22. As a separate defense to the Complaint and each claim for relief therein, plaintiff lacks standing to assert the legal rights or interests of others.

### TWENTY-THIRD DEFENSE

23. As a separate defense to the Complaint and each claim for relief therein, Defendant reserves the right to assert further defenses as they become evident through discovery or investigation.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court grant the following relief:

1. That the Complaint be dismissed with prejudice and that plaintiff and the proposed class take nothing thereby;
2. That the purported class not be certified;
3. That judgment be entered in favor of Defendant on all claims;
4. That Defendant be awarded their attorneys' fees and costs of suit; and
5. For such other and further relief as this Court may deem proper.

Dated: June 29, 2009

LYNNE C. HERMLE
JESSICA R. PERRY
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/
JESSICA R. PERRY
Attorneys for Defendant
Gap Inc.