LYNNE C. HERMLE (STATE BAR NO. 99779)
JESSICA PERRY (STATE BAR NO. 209321)
JULIA COLLINS RIECHERT (STATE BAR NO. 254078)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:     650-614-7401
lchermle@orrick.com
jperry@orrick.com
jriechert@orrick.com

Attorneys for Defendant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIENNA HOWARD, individually and on behalf of all similarly situated individuals,<br><br>            Plaintiff,<br><br>     v.<br><br>GAP INC.,<br><br>            Defendant. | Case No.  C 06 6773 WHA<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE USE OF CONFIDENTIAL MATERIAL** |

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties that the terms and conditions of this stipulated protective order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged between the parties in this action. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. The parties hereby submit the following stipulation and move the Court to approve the Stipulation as a Protective Order.

## STIPULATION

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objections or legal claims any party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purpose of providing procedures for the handling and protection of "Confidential Information" as defined herein, the parties to this action hereby agree on the following procedures for handling such Confidential Information. Certain documents, things and information disclosed may constitute or contain trade secrets, or other secret, proprietary, private, or confidential information. This information may include, but is not limited to, personnel data of persons not a named party to this action, strategic planning information, financial information, Gap's confidential and proprietary business policies and procedures, product information, and earnings data.

The parties hereby agree that access to and use of such documents, things and information shall be governed and limited by the provisions of this Protective Order as set forth herein, subject to the approval of the Court.

A. **DEFINITION OF CONFIDENTIAL INFORMATION**

"Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which is designated when it is produced as "Confidential" by the supplying party or which is designated by the receiving party as "Confidential" within thirty days of receipt of the information for which such designation is proposed. In designating information as Confidential Information, the party so designating will make such designation only as to that information it believes contains secret, confidential, private, and/or proprietary information that must be protected against disclosure to non-parties. Each party shall exercise good faith in designating information as Confidential Information.

B. **PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION**

1. Confidential Information shall include all documents provided by a party that have been designated as confidential by marking the page: "CONFIDENTIAL INFORMATION." In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

2. The identification of information as Confidential Information by a supplying party shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made.

3. The identification of information as Confidential Information by a receiving party shall be made in writing within thirty business days of such receipt by stating in writing which specific pages are to be marked Confidential Information and providing copies of those pages marked Confidential Information. No Confidential Information may be read by anyone other than attorneys for the named parties, experts and consultants, and, if applicable, the deponent who produced those documents at deposition, during said thirty business day period.

1  Every party shall in such cases mark every page so identified in his or her possession, custody or
2  control with an appropriate marking identifying the information as Confidential Information.

3     4. Information disclosed at a deposition may be designated as confidential by
4  either (a) indicating on the record at the deposition that the testimony is Confidential Information
5  and subject to the provisions of this Order or (b) by notifying the opposing party in writing within
6  thirty business days of the receipt of the transcript of those pages and lines or exhibits that contain
7  Confidential Information, and providing marked replacement pages. No Confidential Information
8  may be read by anyone other than attorneys for the named parties, experts and consultants, and
9  the deponent during said thirty business day period.

10     5. If any party believes that a document or other information, which has been
11  designated as Confidential Information, should not properly be treated as so designated, that party
12  will notify the disclosing party of its disagreement with the confidential designation. Counsel for
13  the parties will then endeavor to reach an agreement regarding the status of that document or
14  information within fourteen days. If no agreement can be reached after fourteen days, the party
15  seeking to protect the designation of the document shall file a motion for relief within twenty-one
16  days thereafter. Until the Court resolves the motion, the document will be treated as designated
17  subject to the terms of this protective order.

18     6. In the event that a party or nonparty makes documents available for
19  inspection, rather than delivering copies to another party, no marking need be made in advance of
20  the initial inspection. For purposes of the initial inspections, all documents produced shall be
21  considered as marked as "Confidential Information." Thereafter, upon the inspecting party's
22  selection of documents for copying, the party producing the documents may mark the copies as
23  "Confidential Information" pursuant to section A above.

24     7. If it comes to a party's attention that information or items that it designated
25  for protection do not qualify for protection at all, that party must promptly notify all other parties
26  that it is withdrawing the mistaken designation and supply replacement documents removing the
27  Confidential Information designation.

28  ///

8. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the party must immediately (a) notify the other party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential Information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order..

C. **QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION**

1. Information or material designated as "Confidential Information," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

(a) outside counsel of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) parties and employees of the parties whose assistance to counsel is necessary for the purposes of this litigation, subject to and in compliance with Section C3 herein;

(c) Consultants and experts retained or employed to assist the attorneys of named parties in the preparation of this litigation for trial, such as statisticians, economists, accountants, or other technical or legal experts or consultants, subject to and in compliance with Section C3 herein.

(d) the Court;

(e) court reporters and videographers employed in connection with this action;

(f) graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

(g) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein; and

(h) any other person only upon order of the Court or upon prior written consent

of the party who designated the information or material confidential, subject to and conditioned upon compliance with Section C3 herein.

2. All persons listed in Sections C1(b), (c), (f), (g) and (h) above may be given access to information or material designated as "Confidential," provided that the counsel providing copies confirm their understanding and agreement to abide by the terms of this Protective Order.

3. Any person may be examined as a witness during a deposition concerning any information or material designated as "Confidential" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information, provided that the examining party obtains the witness' compliance with Section D.

**D. RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

1. Any information designated as Confidential Information shall not be made available or disclosed to any person other than the Qualified Persons identified in Section C. Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information shall not suffer or permit its disclosure or that of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information.

2. Disclosure of all items designated as Confidential Information in this action shall be solely for the purposes of this action, (i.e., *Howard v. Gap, Inc.*, United States District Court, Northern District of California, No. C 06 6773 WHA) unless and until such designation is removed either by stipulation by attorneys for the named parties or by order of the Court.

1  3. With respect to information designated as Confidential Information, no
2  copies of documents, testimony, or other information shall be received, kept, or maintained by
3  individuals other than the Qualified Persons as defined above.

4  4. Any party wishing to file under seal any document or other item designated
5  "CONFIDENTIAL INFORMATION" shall lodge the documents along with a Request for
6  Sealing pursuant to Civil Local Rule 79-5.1. The documents shall be submitted in an appropriate
7  envelope labeled with the case name and number and the title of the documents. All envelopes
8  containing any Confidential Information that are submitted to the Court shall carry the following
9  notation on the cover:

**CONFIDENTIAL - THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER.**

12  Unless otherwise ordered by the Court, within ten days after any request for
13  sealing is filed, any party claiming confidentiality for the information for which sealing is
14  requested shall serve and file declaration(s) from competent witnesses setting forth specific facts
15  demonstrating that sealing is warranted under Rule 26(c). *See* Civil Local Rule 79-5 and
16  commentary thereto.

17  5. In the event an attorney to this litigation seeks to show any documents or
18  other information denominated as Confidential Information to anyone other than a Qualified
19  Person, that attorney shall first advise opposing counsel at least five days in advance, and seek to
20  reach an informal resolution of such matters. In the event that agreement cannot be reached, the
21  party seeking to show the Confidential Information shall apply to the Court for relief from this
22  Protective Order.

23  **E. <u>NON-APPLICABILITY TO THE TRIAL OF THIS ACTION</u>**

24  The terms of this Order shall continue to apply during the time period in which the
25  trial of this action occurs, but shall not apply to the trial itself, as all decisions concerning the
26  conduct of the trial shall be made by the trial judge. Any party may, at or before the time of trial,
27  seek an order of the Court to restrict access to particular documents or testimony in the trial.
28  ///

**F. <u>NO ADMISSION OR WAIVERS</u>**

The execution of this Order shall not:

1. constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential documents or information; or

2. be construed as an admission or agreement that any document or information designated as Confidential is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

**G. <u>INADVERTENT DISCLOSURE</u>**

Any inadvertent production of documents containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines protecting against disclosure of confidential information or other third party private information. All parties specifically reserve the right to demand the return of any and all privileged documents that they may produce inadvertently during discovery if the producing party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to immediately locate and return to the producing party all such inadvertently produced documents. Additionally, the receiving party agrees to identify all unqualified persons having received all such inadvertently produced documents.

**H. <u>INADVERTENT FAILURE TO DESIGNATE</u>**

If timely corrected, an inadvertent failure to designate some qualified information as "Confidential" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

///

///

**I.      RETURN OF DOCUMENTS**

At the termination of this action, the parties shall confer regarding the appropriate disposition of all Confidential materials.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 29, 2009

>  s/Anne-Marie E. Sargent
>  ANNE-MARIE E. SARGENT
>  CONNOR & SARGENT PLLC
>  Attorneys for Plaintiff DIENNA HOWARD

Dated: July 31, 2009

>  s/ Jessica Perry
>  JESSICA PERRY
>  ORRICK, HERRINGTON & SUTCLIFFE LLP
>  Attorneys for Defendant GAP INC.

**IT IS SO ORDERED:**

Dated: _____, 2009

>  The Honorable William L. Alsup
>  United States District Judge