# HOWARD

# EXHIBIT 1
## TO SARGENT DECLARATION

LYNNE C. HERMLE (STATE BAR NO. 99779)
JESSICA PERRY (STATE BAR NO. 209321)
JULIA COLLINS RIECHERT (STATE BAR NO. 254078)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401
lchermle@orrick.com
jperry@orrick.com
jriechert@orrick.com

Attorneys for Defendant
GAP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIENNA HOWARD, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>GAP INC.,<br><br>Defendant. | Case No. C 06 6773 WHA<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF DIENNA HOWARD'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

REQUESTING PARTY:      Plaintiff Dienna Howard

RESPONDING PARTY:      Defendant Gap Inc.

SET NO.:      One

         Defendant Gap Inc. ("Defendant" or "Gap") hereby responds to Plaintiff Dienna Howard's First Set of Requests for Production of Documents to Defendant (the "Requests") as follows:

**GENERAL OBJECTIONS**

         1.     Gap responds to Plaintiff's requests based on the information and documents currently available to it, given that discovery in this action is ongoing. Nothing contained in these responses shall in any way limit Gap's ability to make all uses at trial or otherwise of the information or documents referenced herein or of any information, documents or other evidence

**RESPONSE TO REQUEST NO. 2:**

Gap objects to this request on the grounds that it is vague as to the term "dress code or policy." Gap further objects to this request on the grounds that it is uncertain and overbroad as to time. Gap further objects to this request on the grounds that it is overbroad, oppressive, unduly burdensome and harassing. Gap further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Gap further objects to this request on the grounds that it seeks documents evidencing confidential, proprietary and/or trade secret information. Gap will not produce such documents until a protective order is in place. Gap further objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Gap objects to Plaintiff's definition of "Defendant" as vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive and not reasonably calculated to the discovery of admissible evidence to the extent that term includes Gap's directors, officers, employees, agents, representatives, subsidiaries, predecessors, successors in interest, parents, divisions, area and regional offices and employees or affiliates. Gap further objects to the extent Plaintiff seeks information pertaining to any of Gap's stores other than its Gap brand adult retail stores. Gap further objects to Plaintiff's definition of "relating to" as vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of its general or specific objections, and construing this request as seeking board of directors' meeting minutes discussing Gap's Employee Appearance Guidelines or "dress code" for Gap brand retail store sales associates from October 31, 2000 to the present, Gap responds:

After a diligent search and reasonable inquiry, Gap is unable to locate any responsive documents.

**REQUEST NO. 3:**

Any and all documents reflecting complaints by employees regarding employee dress code or policy.

**RESPONSE TO REQUEST NO. 3:**

Gap objects to this request on the grounds that it is vague as to the term "employee dress code or policy." Gap further objects to this request on the grounds that it is uncertain as to time and overbroad in scope as to time. Gap further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Gap further objects to this request on the grounds that it seeks documents evidencing confidential, proprietary and/or trade secret information. Gap will not produce such documents until a protective order is in place. Gap objects to this request to the extent that it seeks documents protected from disclosure by the privacy rights of third party non-litigants. Gap objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Gap further objects to this request on the grounds that it is premature and seeks information beyond that relevant to this action at the pre-class certification stage. Gap objects to Plaintiff's definition of "Defendant" as vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive and not reasonably calculated to the discovery of admissible evidence to the extent that term includes Gap's directors, officers, employees, agents, representatives, subsidiaries, predecessors, successors in interest, parents, divisions, area and regional offices and employees or affiliates. Gap further objects to the extent Plaintiff seeks information pertaining to any of Gap's stores other than its Gap brand adult retail stores.

Subject to and without waiving any of its general or specific objections, and construing this request to seek documents evidencing complaints by Gap brand retail store sales associates working in New York from October 31, 2000 to the present that mention the Gap dress code, Gap responds:

To the extent they exist, Gap will produce all non-privileged responsive documents.

**REQUEST NO. 4:**

Any and all documents related to a federal and/or state regulatory investigation regarding employee dress code or policy.

**RESPONSE TO REQUEST NO. 4:**

Gap objects to this request on the grounds that it is vague as to the term "employee dress code or policy." Gap further objects to this request on the grounds that it is uncertain and overbroad as to time. Gap further objects to this request on the grounds that it is overbroad, oppressive, unduly burdensome and harassing. Gap further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Gap further objects to this request on the grounds that it seeks documents evidencing confidential, proprietary and/or trade secret information. Gap will not produce such documents until a protective order is in place. Gap objects to this request to the extent that it seeks documents protected from disclosure by the privacy rights of third party non-litigants. Gap objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Gap further objects to this request on the grounds that it is premature and seeks information beyond that relevant to this action at the pre-class certification stage. Gap objects to Plaintiff's definition of "Defendant" as vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive and not reasonably calculated to the discovery of admissible evidence to the extent that term includes Gap's directors, officers, employees, agents, representatives, subsidiaries, predecessors, successors in interest, parents, divisions, area and regional offices and employees or affiliates. Gap further objects to the extent Plaintiff seeks information pertaining to any of Gap's stores other than its Gap brand adult retail stores. Gap further objects to Plaintiff's definition of "relating to" as vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of its general or specific objections, and construing this request to seek non-privileged documents evidencing United States Department of Labor and/or New York Department of Labor investigations regarding Gap's Employee Appearance Guidelines from October 31, 2000 to the present, Gap responds:

After a diligent search and reasonable inquiry, Gap is unable to locate any responsive documents.

# HOWARD

**EXHIBIT 2**
**TO SARGENT DECLARATION**

# Dawn Morgan

**From:** Anne-Marie Sargent
**Sent:** Tuesday, October 06, 2009 11:51 AM
**To:** Dawn Morgan
**Subject:** Howard

---

**From:** Perry, Jessica [mailto:jperry@orrick.com]
**Sent:** Thursday, September 24, 2009 9:39 AM
**To:** Anne-Marie Sargent
**Subject:** Howard

Anne-Marie,

Following up on our conversation last week, I am working to try to get you contact information for the managers we identified in the interrogatory response. I thought some more about our conversation regarding discovery outside of New York, and we are going to maintain our position that how the dress code was interpreted or enforced outside of New York is not likely to lead to the discovery of admissible evidence here and would be unduly burdensome and oppressive to search for and produce.

Please let me know if you would like to discuss further.

Also, I look forward to a response to my letter last week regarding plaintiff's response to our discovery.

Thanks,
Jessica

Jessica Perry
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
650.614.7350 (phone)
650.614.7401 (fax)
jperry@orrick.com

```
"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------
==========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
```

1