1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    JESSICA R. PERRY (STATE BAR NO. 209321)
2   JULIA COLLINS RIECHERT (STATE BAR NO. 254078)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
3   1000 Marsh Road
    Menlo Park, CA  94025
4   Telephone:     650-614-7400
    Facsimile:     650-614-7401
5   lchermle@orrick.com
    jperry@orrick.com
6   jriecher@orrick.com

7   Attorneys for Defendant
    GAP INC.
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12  DIENNA HOWARD, individually and on        Case No.  C 06 6773 WHA
    behalf of all similarly situated individuals,
13
                        Plaintiff,            **DECLARATION OF JESSICA R.
14                                            PERRY IN OPPOSITION TO
           v.                                 MOTION FOR CLASS
15                                            CERTIFICATION**
    GAP INC.,
16                                            Hearing Date:  November 5, 2009
                        Defendant.            Hearing Time:  8 a.m.
17                                            Courtroom:  9
                                              The Honorable William Alsup
18

19

20

21

22

23

24

25

26

27

28

I, Jessica R. Perry, declare as follows:

1.      I am a member of the State Bar of California and a partner in the law firm of Orrick, Herrington & Sutcliffe LLP and am counsel of record in this action for defendant Gap, Inc.  I make this declaration in opposition to Plaintiffs' Motion for Class Certification.  I have personal knowledge of the matters contained in this declaration, and, if called to testify as a witness as to those matters, could do so competently.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of a Summary of Evidence containing the citations to all of the evidence supporting the factual statements in the Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Class Certification.

3.      Attached hereto as **Exhibit 2** are true and correct copies of excerpts of the deposition of named plaintiff Dienna Howard taken by me in this matter on September 17, 2009, together with the court reporter's certification thereof.

4.      Attached hereto as **Exhibit 3** are true and correct copies of excerpts of the deposition of Kevin Low on September 17, 2009, together with the court reporter's certification thereof.  Mr. Low was produced by Gap pursuant to Federal Rule of Civil Procedure 30(b)(6) and I defended his deposition.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of Exhibit 30 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 4, which was produced by Gap and is bates-labeled GAP 01082-01093, is Gap's Employee Appearance Guidelines effective January 1999 through February 2001.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 5, which was produced by Gap and is bates-labeled GAP 01097-01098, is Gap's Employee Appearance Guidelines effective February 2001 through July 2001.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the

exhibit.  Exhibit 6, which was produced by Gap and is bates-labeled GAP 01108-01109, is Gap's Employee Appearance Guidelines effective July 2001 through May 2002.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of Exhibit 13 from Plaintiff Howard's deposition taken on September 17, 2009, along with pages authenticating the exhibit.  Exhibit 7, was also part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, and attached hereto are pages authenticating the exhibit.  Exhibit 7, which was produced by Gap and is bates-labeled GAP 01110-01111, is the Employee Appearance Guidelines, effective May 2002 through November 2002.

9.      Attached hereto as **Exhibit 8** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 8, which was produced by Gap and is bates-labeled GAP 01115-01116, is Gap's Employee Appearance Guidelines effective November 2002 through February 2003.

10.      Attached hereto as **Exhibit 9** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 9, which was produced by Gap and is bates-labeled GAP 01124-01125, is Gap's Employee Appearance Guidelines effective February 2003 through August 2003.

11.      Attached hereto as **Exhibit 10** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 10, which was produced by Gap and is bates-labeled GAP 01126-01127, is Gap's Employee Appearance Guidelines effective August 2003 through August 2004.

12.      Attached hereto as **Exhibit 11** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 11, which was produced by Gap and is bates-labeled GAP 01128-01129, is Gap's Employee Appearance Guidelines effective August 2004 through March 2005.

13.     Attached hereto as **Exhibit 12** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 12, which was produced by Gap and is bates-labeled GAP 01130-01132, is Gap's Employee Appearance Guidelines effective March 2005 through December 2005.

14.     Attached hereto as **Exhibit 13** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 13, which was produced by Gap and is bates-labeled GAP 01133-01135, is Gap's Employee Appearance Guidelines effective December 2005 through March 2006.

15.     Attached hereto as **Exhibit 14** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 14, which was produced by Gap and is bates-labeled GAP 01136-01138, is Gap's Employee Appearance Guidelines effective March 2006 through October 2006.

16.     Attached hereto as **Exhibit 15** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 15, which was produced by Gap and is bates-labeled GAP 01139-01141, is Gap's Employee Appearance Guidelines effective October 2006 through June 2007.

17.     Attached hereto as **Exhibit 16** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 16, which was produced by Gap and is bates-labeled GAP 01142-01146, is Gap's Employee Appearance Guidelines effective June 2007 through May 2009.

18.     Attached hereto as **Exhibit 17** is a true and correct copy of part of Exhibit 32 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit.  Exhibit 17, which was produced by Gap and is bates-labeled GAP 01147-01151, is Gap's Employee Appearance Guidelines effective May 2009 through the present..

3

19.     Attached hereto as **Exhibit 18** are true and correct copies of GAP 01000, 01004-01006, 01008-01009, which are a sampling of dress code acknowledgment forms. Exhibit 18 was produced by Gap to Plaintiff in the course of discovery.

20.     Attached hereto as **Exhibit 19** is a true and correct copy of part of Exhibit 18 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit. Exhibit 19, which was produced by Gap and is bates-labeled GAP 00936-00937, is Gap's dress code posters from 2002.

21.     Attached hereto as **Exhibit 20** is a true and correct copy of part of Exhibit 19 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit. Exhibit 20, which was produced by Gap and is bates-labeled GAP 00939, is Gap's dress code poster from 2006.

22.     Attached hereto as **Exhibit 21** is a true and correct copy of part of Exhibit 19 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit. Exhibit 21, which was produced by Gap and is bates-labeled GAP 00941, is Gap's dress code poster from 2007.

23.     Attached hereto as **Exhibit 22** is a true and correct copy of GAP 00896-00902, Gap's discount policy effective July 2007 to June 2009. Exhibit 22 was produced by Gap to Plaintiff in the course of discovery.

24.     Attached hereto as **Exhibit 23** is a true and correct copy of GAP 00907-00911, Gap's current discount policy. Exhibit 23 was produced by Gap to Plaintiff in the course of discovery.

25.     Attached hereto as **Exhibit 24** is a true and correct copy of Exhibit 29 from Kevin Low's deposition taken on August 5, 2009, along with pages authenticating the exhibit. Exhibit 24, which was produced by Gap and is bates-labeled GAP 01072-01081, is a sampling of Gap's special coupons and additional discounts offered to Gap employees at various times during the putative class period.

26.     Attached hereto as **Exhibit 25** is a true and correct copy of part of Exhibit 5 from Plaintiff Howard's deposition taken on September 17, 2009, along with pages

4

1   authenticating the exhibit.  Exhibit 25, which was produced by Gap and is bates-labeled GAP

2   00025, is Howard's Personnel Action Notice, which includes her new hire information and her

3   signed acknowledgment to comply with various Gap policies, including the Employee Policy

4   Guide, Code of Business Conduct, and Employee Discount.

5          27.     Attached hereto as **Exhibit 26** is a true and correct copy of part of Exhibit 6

6   from Plaintiff Howard's deposition taken on September 17, 2009, along with pages

7   authenticating the exhibit.  Exhibit 26, which was produced by Gap and is bates-labeled GAP

8   00033, is Howard's Commitment Pledge**,** in which she acknowledges that she has received the

9   Employee Policy Guide and Code of Business Conduct and is responsible for adhering to

10  them.  She further acknowledges that she has received training on Gap's policies during her

11  orientation.

12         28.     Attached hereto as **Exhibit 27** is a true and correct copy of part of Exhibit 10

13  from Plaintiff Howard's deposition taken on September 17, 2009, along with pages

14  authenticating the exhibit.  Exhibit 27, which was produced by Gap and is bates-labeled GAP

15  00031, is Howard's Discount Agreement.

16         29.     Attached hereto as **Exhibit 28** is a true and correct copy of part of Exhibit 14

17  from Plaintiff Howard's deposition taken on September 17, 2009, along with pages

18  authenticating the exhibit.  Exhibit 28, which was produced by Gap and is bates-labeled GAP

19  00038-00039, is Howard's time punch records.

20         30.     Attached hereto as **Exhibit 29** is a true and correct copy of part of Exhibit 15

21  from Plaintiff Howard's deposition taken on September 17, 2009, along with pages

22  authenticating the exhibit.  Exhibit 29, which was produced by Plaintiff and is bates-labeled

23  GAP 001, is Howard's 2002 W-2.

24         31.     Attached hereto as **Exhibit 30** is a true and correct copy of part of Exhibit 16

25  from Plaintiff Howard's deposition taken on September 17, 2009, along with pages

26  authenticating the exhibit.  Exhibit 30, which was produced by Gap and is bates-labeled GAP

27  00020, 000022-00024, is Howard's payroll records.

28

32.     Attached hereto as **Exhibit 31** is a true and correct copy of part of Exhibit 17 from Plaintiff Howard's deposition taken on September 17, 2009, along with pages authenticating the exhibit.  Exhibit 31, which was produced by Gap, is Gap's record of purchases made by Plaintiff when she was an employee of Gap.

33.     Attached hereto as **Exhibit 32** is a true and correct copy of part of Exhibit 18 from Plaintiff Howard's deposition taken on September 17, 2009, along with pages authenticating the exhibit.  Exhibit 32, which was produced by Plaintiff and is bates-labeled GAP 002, is Plaintiff's June 2009 receipt for purchases at Gap.

34.     During the course of discovery, Gap provided Plaintiff's counsel with contact information for over 3,700 Sales Associates employed by Gap in New York during the purported class period.  After meeting and conferring, the parties agreed that in response to Plaintiff's Interrogatory No. 6, which sought contact information for putative class members, Gap would produce a sampling of employee contact information for employees with last names beginning with A, D, G, H, J, M, P, S, V and Y.  Gap produced the contact information to Plaintiff on a CD on August 27, 2009.

35.     Gap also provided Plaintiff's counsel with purchase data for over 4,700 Sales Associates employed by Gap in New York during the purported class period. After meeting and conferring, the parties agreed that in response to Plaintiff's Request for Production No. 8, which requested employee purchase data, Gap would produce a sampling of employee purchase data for the oldest three month period Gap has the data readily accessible (August-October 2006), and January and July for each subsequent year for employees with last names beginning with A, D, G, H, J, M, P, S, V and Y.  Gap produced the purchase records to Plaintiff on a CD containing excel files on August 31, 2009.  The files are bates labeled GAP 0001242-0001252.

36.     On October 1, 2009, after I received Plaintiff's Motion for Class Certification, I emailed Plaintiff's Counsel Anne-Marie Sargent to inquire whether Plaintiff's counsel represented Jenae German, Dawn Gaffey or Esmeralda Maldonado, the three declarants who submitted declarations in support of class certification.  On October 5, 2009, Ms. Sargent

DECLARATION OF JESSICA R. PERRY IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION [C 06 6773 WHA]

1  responded to my email, stating that Plaintiff's counsel represented Ms. Maldonado.  She

2  further stated that she would need to speak to Ms. German and Ms. Gaffey to determine

3  whether they thought they were in an attorney-client relationship with Plaintiff's counsel.  I

4  have not heard anything further from Plaintiff's counsel on this subject.

5        I certify under penalty of perjury and pursuant to the laws of the United States (28 U.S.C.

6  § 1746) and the laws of the State of California that the foregoing is true and correct, and that this

7  declaration was executed by me on October 15, 2009.

8

9                                    /s/
                                Jessica R. Perry

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JESSICA R. PERRY IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION [C 06 6773 WHA]